KING & KING ET AL. v. J. E. PORTER ET AL.

No. 3590.    Decided June 30, 1923.

(252 S. W., 1022.)

1.—Jurisdiction on Appeal—Amount in Controversy—Garnishment.

Garnishment being ancillary to the action in which it originated the amount there involved, and not that involved in the garnishment proceeding itself, determines the jurisdiction.    (Pp. 199-201).

2.—Same—Case Stated.

On a judgment for more than $100.00 garnishment issued and served on a bank involved a sum less than $100,00, on deposit in the name of the judgment defendant but on which claim was made by third parties, and contested.    Held that the Court of Civil Appeals had jurisdiction of an appeal from the judgment rendered in such contest.    (Pp. 199-201).

3.—Same—Cases Discussed.

Kelly v. Gibbs, 84 Texas, 148;  Childress v. Harmon, 176 S. W., 154, followed.    Simmang v. Insurance Co., 102 Texas, 41 discussed but not followed.    (Pp. 200, 201).

Question certified from the Court of Civil Appeals for the Third District, in an appeal from the County Court of McLennan County.

The Court of Civil Appeals rendered an opinion reversing and rendering judgment for appellant; but on motion for rehearing questioning its jurisdiction in appeal dismissed the appeal for want of jurisdiction (229 S. W., 646).    But upon its certifying the jurisdictional question to the Supreme Court the opinion following was there rendered.  A contrary opinion had first been announced by the

Commission of Appeals, Section B, to whom the case had been referred by the Supreme Court; but this was not adopted by the Supreme Court, and it subsequently withdrew the case from the Commission and itself determined the question.

*W. B. Carrington* and *W. L. Eason,* for appellants. Cited Childress v. Harmon, 176 S. W., 154.

*John McGlasson,* for appellee.

MR. JUSTICE PIERSON delivered the opinion of the court.

The following is the certificate from the Court of Civil Appeals:

"The above entitled and numbered cause is pending before us on motion for rehearing. The facts are as follows:

"Appellee obtained a judgment against J. F. Arnold for a sum in excess of $100.00. He sued out a garnishment thereon against the First National Bank of Waco. The bank answered that Arnold had on deposit with it the sum of $51.51. Arnold contested this answer, and alleged that the money on deposit with the bank belonged to King & King. King & King intervened, making the same allegation. Upon the trial of the issue thus raised, judgment was rendered against the bank for $51.51, and that King & King take nothing by reason of their intervention. From this judgment King & King and Arnold perfected an appeal to this court. We held that the amount in controversy on this appeal was less than $100.00, and dismissed the appeal for want of jurisdiction, as appears from a certified copy of our opinion filed herewith.

"Upon further consideration, we have concluded to certify to your Honorable Court the following question:

"Has this Court appellate jurisdiction of this cause upon the facts herein stated?"

It is well settled that the jurisdiction in the trial court in proceedings of garnishment is that of the original suit. The question here presented is, is appellate jurisdiction in garnishment proceedings the same as that of the original suit?

We think so. A garnishment proceeding is ancillary to and a part of the principal action, and not only must it be brought in the court of the principal action, but when brought after final judgment in the original suit, the court will take judicial knowledge of such judgment. Kelly v. Gibbs, 84 Texas, 148. Thus its justification and efficacy are grounded in the original action.

The court in which the original suit was filed had already acquired jurisdiction of the original parties and of the subject matter of that suit, (upon which the garnishment depends), and of all processes for enforcing its judgment thereon. The garnishment proceeding is

ancillary to and a part of the original suit, and the court in that suit having acquired jurisdiction of the subject matter for all purposes, including the enforcement of its judgment, it necessarily follows that its jurisdiction extends to all issues raised in the enforcement of that judgment, and that its jurisdiction controls the appellate jurisdiction of such issues on appeal.

The jurisdiction of the Court of Civil Appeals in this case is based upon the fact that the garnishment proceeding is only an incident to the original suit. It is a part of the original suit, and jurisdiction, both of the trial court and of the appellate court, is based upon the original suit as contemplated by the statutes.

The garnishment proceeding could have been brought in no other court than the one in which the original suit was brought. Simmang v. Ins. Co., 102 Texas, 41, 112 S. W., 1044; Townsend v. Fleming et al., 64 S. W., 1006; Kelly v. Gibbs, 84 Texas, 148, 19 S. W., 563.

Suits in garnishment are ancillary to and a part of the original suit, and can not be separated therefrom. The amount in controversy in the garnishment proceeding is not the only jurisdictional fact in it. All rights under garnishment are based upon the existence and the validity of the judgment in the original suit, and the effectiveness and validity of the garnishment stands or falls with said original judgment.

In Kelly v. Gibbs, 84 Texas, 148, Judge Gaines, in discussing the relation of an action in garnishment to the original suit, used the following clear reasoning:

"In the present case, the principal suit was determined and the judgment rendered before the garnishment proceedings were instituted. But does it follow that the garnishment even in such a case is not to be treated as ancillary and a part of the original suit? That the Legislature intended to so treat it we think is shown by the fact that the statute provides that the writ shall be made returnable to the court in which the original judgment was rendered, and that the cause should be heard and determined in that court, without reference to the amount in controversy. We are of the opinion that upon no other theory can the jurisdiction of the court in many cases be maintained. Let us take a case in which a garnishment has been sued out upon a judgment rendered in the District Court, and in which the amount in controversy in the garnishment proceeding is less than $500. Unless the garnishment is merely ancillary to and a part of the principal case, the court would be without jurisdiction to try the issue. But if it be deemed ancillary, the objection that the court is without jurisdiction is obviated. The District Court having power to execute its judgments, and the garnishment being but a mode of enforcing execution, it is auxiliary to the original action

and a part of it, and as such the District Court has power to determine the issues which arise out of it. Being a part of the principal suit, the court will take judicial notice of the judgment, although rendered before the proceeding was instituted, just like it will take notice of the judgment rendered in a suit in which the garnishment was sued out before its rendition.''

In his opinion on motion for rehearing in this case, 229 S. W., 646, Judge Jenkins cites and applies the holding of this court in the case of Simmang v. Insurance Co., 102 Texas, 41.

The opinion in that case, wherein it is held that the Supreme Court had jurisdiction of that case, appears to be in conflict with the views expressed by Judge Gaines in Kelly v. Gibbs, supra. Judge Brown, however, announced in that opinion that ''the garnishment proceeding is not an original suit but ancillary to the judgment of the district court, which was rendered in favor of Simmang against Geise, being a process for the enforcement of said judgment.'' But the holding that the Supreme Court had jurisdiction of that case was in effect a holding that appellate jurisdiction of a garnishment proceeding does not follow or depend upon the appellate jurisdiction of the original action, though its jurisdiction in the trial court is controlled by the jurisdiction of the original action. In this respect the opinion in the case of Simmang v. Insurance Co. is not followed.

A garnishment is not an original suit, but ancillary to the main one, and for that reason takes its jurisdiction from the main suit. It being ancillary to and a part of the main suit, its jurisdiction is a part of the main suit, both on trial of issues and on appeal.

It is necessary for an appellate court to have jurisdiction of the principal action in order to give it jurisdiction in garnishment proceedings; but having jurisdiction of the principal suit, jurisdiction of the ancillary proceeding follows. This was held by Chief Justice Rainey in the case of Childress v. Harmon, 176 S. W., 154, wherein he said:

''This court has jurisdiction of this appeal. The basis of the garnishment was a judgment for over $100, which determines the jurisdictional amount.''

We answer the question in the affirmative. ·