### BARNES v. DIXIE FIRE INS. CO.
### (No. 253.)

(Court of Civil Appeals of Texas. Eastland Feb. 11, 1927. Rehearing Denied March 11, 1927.)

**Appeal and error ⬅️48—Appellate court has no jurisdiction of garnishment proceeding, where main action involves sum below its jurisdiction.**

Court of Civil Appeals has no appellate jurisdiction in garnishment proceeding, where original suit to recover $62.67, with interest, was reduced to judgment for plaintiff for $94.45, though amount of indebtedness due from garnishee to original defendant was within its jurisdiction; jurisdiction of appellate court being dependent on jurisdiction of original suit.

Appeal from Taylor County Court; Carlos D. Speck, Judge.

Action by Charles W. Barnes against one Dishman, in which garnishment was sued against the Dixie Fire Insurance Company. Judgment for garnishee, and plaintiff appeals. Appeal dismissed.

R. W. Haynie, of Abilene, for appellant.
Cunningham & Oliver, of Abilene, for appellee.

PANNILL, C. J. This is an appeal from a judgment in favor of a garnishee. The original suit was brought by appellant against one Dishman to recover the principal sum of $62.67, with interest thereon. This claim was later reduced to judgment in favor of the appellant for the sum of $94.45. It is clear that no jurisdiction is conferred upon this court by this appeal. It is true that the amount of the indebtedness shown from the garnishee to Dishman was within the jurisdiction of the Court of Civil Appeals, but the decisions clearly hold that the appellate jurisdiction in garnishment suits is dependent upon jurisdiction of the original suit. King & King v. Porter, 113 Tex. 198, 252 S. W. 1022.

In that case the court says:

"A garnishment is not an original suit, but ancillary to the main one, and for that reason takes its jurisdiction from the main suit. It being ancillary to and a part of the main suit, its jurisdiction is a part of the main suit, both on trial of issues and on appeal. It is necessary for an appellate court to have jurisdiction of the principal action in order to give it jurisdiction in garnishment proceedings."

The amount in controversy between appellant and his debtor, Dishman, exclusive of interest, is not within the jurisdiction of this court. No greater amount than was claimed against Dishman could be claimed against the appellee as his garnishee. So, as this case is presented, the appellant is seeking to recover from the garnishee a sum which is not within the jurisdiction of the Court of Civil Appeals.

Therefore the appeal is dismissed, with the costs against appellant.