## SMITH v. AMERICAN RADIATOR & STANDARD SANITARY CORPORATION.

### No. 11452.

Court of Civil Appeals of Texas. Galveston.

Nov. 24, 1942.

Rehearing Denied Dec. 17, 1942.

Jones & Jones, of Mineola, for appellant.
Israel Smith, of Tyler, for appellee.

GRAVES, Justice.

This suit was by American Radiator & Standard Sanitary Corporation, appellee, against Paul D. Smith, appellant, on an itemized sworn account for certain machinery, fixtures, and appliances sold by appellee to appellant, to be used by him in the construction of a residence, the balance alleged to be due being $262.

The appellant answered by general demurrer, general denial, and specially pled two payments as a credit on the account, one in the sum of $75, on October 3, 1940, and one in the sum of $125, on December 12, 1940; also, by way of cross-action, he claimed damages in the sum of $200 by reason of the alleged failure of appellee to deliver to him a certain pumping unit in accordance with a declared-upon contract of sale by appellee's salesman, R. C. Cross.

Trial was before the court, and it entered a judgment in favor of appellee in the sum of $187, being the amount sued for, less credit for the $75 so claimed to have been paid thereon. At the request of appellant the court filed findings of fact and conclusions of law.

The brief findings in support of the judgment were, in material substance, these:

"Facts:

"1. Prior to October 1, 1940, R. C. Cross was employed by appellee as a salesman on commission.

"2. Beginning October 9, 1940, appellant purchased, through such salesman, certain merchandise, etc., leaving an unpaid balance of $262.00.

"3. About the 3rd day of October, 1940, R. C. Cross gave appellant a quotation on a water-filter and water-pump, of the total price of $350.00.

"4. Such offer was approved by appellee's General Manager, and accepted by appellant.

"5. As part payment for such order, appellant delivered to R. C. Cross a check, payable to Cross, for $75.00, which was endorsed and cashed by Cross.

"6. On the 19th day of December, 1940, Cross offered to purchase for appellant a Delco Light System, for the price of $225.-00, such light system to be purchased from a third party, other than appellee.

"7. Appellant gave R. C. Cross a check for $100.00, payable to him, which he endorsed and cashed.

"8. Neither the proceeds of the $75.00 check, nor of the $100.00 check, were paid to the appellee.

"9. Neither the water-pump, nor the Delco Light System, were ever delivered to appellant.

"10. The water-filter and other. articles, referred to, were delivered to appellant.

"11. The sum of $262.00, being the balance appellant sued for, has never been paid.

"Conclusions of Law.

"1. The offer by R. C. Cross, dated October 3, 1940, to sell appellant the water-filter and water-pump, for $350.00, which was accepted by him, was made within the scope of R. C. Cross's employment by appellee, and appellant should have credit for the sum of $75.00, so paid by him thereon.

"2. The offer made by Cross to appellant, regarding the Delco Light System, which was not delivered, was not made within the scope of the employment of Cross by appellee.

"3. Appellant has not suffered damages by his failure to receive the .described water- pump."

The gist of the points on which the appeal is prosecuted may be thus stated:

(1) The court erred in holding that the sale of the lighting system to the appellant for the appellee, by its agent, R. C. Cross, was not made within the scope of his employment, and consequently in not crediting appellant with the $125 paid Cross therefor, since the system was never delivered to him.

(2) The court's quoted conclusion No. 3, that appellant had suffered no damages from not receiving the water pump, was error, the undisputed evidence having shown that he was damaged in the sum of $200 by appellee's failure to deliver to him the pump unit, as sold him by appellee's agent, Cross.

As concerns the first one, the evidence—indeed appellant's own testimony—shows as to the lighting system that, with knowledge at the time that appellee did not handle such appliances at all,. appellant employed Cross, on his own, to go out into the market otherwise and find him such a plant; that Cross, after specifically informing appellant that the appellee only carried new D.C. current plants, and did not have such a one as would take the A.C. current appellant required, reported back to appellant that he had located a second-hand one of the latter, and would deliver it to him; thereupon, the appellant made out his check payable to Cross—for the $125 such plant was supposed to cost, and the transaction between them ended. However, as the court found, the light plant was never delivered to appellant, hence he was out his money on his confidence in Cross.

This is the substance of the evidence, so that the court's finding is not only not based on undisputed evidence in appellant's favor as to the $125 item involved, as his brief asserts, but rather .was it supported by conclusive facts on the appellee's side.

In other words, to apply the law to this developed situation, when Cross so stopped trying to sell appellant appellee's unsuitable plant, and, by separate individual contract then made between them, agreed to go out into the open market and buy from a third person another for him of the kind appellant wanted and paid him the $125 for, Cross had ceased to be the appellee's agent. Binder v. Milliken, Tex.Civ.App., 201 S.W. 239, error refused.

Under the facts shown, a further principle supports the court's holdings; that is, appellant's admitted knowledge that Cross was only a salesman for appellee, presumably, at least, of its own line of goods, as a matter of law put him on notice that such authority was only special, whereupon it became his duty to ascertain the nature and extent of it, if any, as to merchandise outside the business appellee was engaged in; but he failed to make any showing on that feature at all. Sackville v. Storey, Tex.Civ.App., 149 S.W. 239; Mechem on Agency, 706, 707 and 751; Buzard v. Jolly, Tex.Sup., 6 S.W. 422;

760

31 Texas Digest, Principal and Agent, ☞ 147(2), p. 120; West Lumber Co. v. Nash, Tex.Civ.App., 243 S.W. 704; J. I. Case Threshing Machine Co. v. Morgan, Tex. Civ.App., 195 S.W. 922; Miers & Rose v. Trevino, Tex.Civ.App., 213 S.W. 215, error refused.

An added circumstance—clearly bringing this cause within the rule these cases apply—is this:

Appellant testified that both checks for which he so claimed credit were made payable to the alleged agent, Cross, at his request, were cashed by Cross, and were never endorsed or cleared through appellee's books; and that, except for those two payments, every other payment made was made payable and mailed to appellee, in response to invoices sent by it. His testimony on the matter was concluded in this question and answer form:

"Q. You know anything about where he (agent, Cross) is now? A. In the Penitentiary, yes sir.

"Q. Did you know that he had been in the penitentiary at the time you were dealing with him? A. Yes, sir.

"Q. And yet you made the checks payable to him? A. Yes, sir."

Neither, in the second place, may fault be found with the court's finding and conclusion as to appellant's alleged damages. All the testimony relating to damages was furnished by him. He testified that he got all the other items or articles he claimed to have so contracted for, except the water pump and the light plant; that the water pump and water filter had been priced to him at $350 in the aggregate, and that the filter, which he got, was reasonably worth $256 leaving only a possible balance due him of $94; but he also admitted going out into the open market and buying a new water pump to take the place of the one he didn't get, for which he paid $225; the court's having given him credit for the $75 he paid Cross would further reduce his possible damage to only $56; moreover, the court was fully justified in refusing to accept appellant's efforts to explain how he arrived at his averment that he had been damaged $200 by appellee's failure to deliver to him the pump unit, which consisted of only the water pump and the water filter referred to; he admitted getting the filter, but seemed wholly unable to explain how he still could have suffered $200 damages as to those appliances both under the testimony adverted to, and his added state-ments to the effect that the water pump, as agreed to be sold him by the appellee, was priced to him at $400, although it was a secondhand one; whereas, the one he bought for $225 on the open market had been a new one, as well as much better suited to his needs than that he claimed appellee failed to deliver to him.

In these circumstances, it is not thought the trial court was required to accept all of appellant's testimony as to his damages, even though it was not controverted. 17 Tex.Jur. 902; Houston, E. & W. T. Railway v. Runnels, 92 Tex. 305, 47 S.W. 971; Jones v. Jones, Tex.Civ.App., 146 S.W. 265; King & King v. Porter, Tex.Civ.App., 256 S.W. 627; and Id., 113 Tex. 198, 252 S.W. 1022; Mills v. Mills, Tex.Com.App. adopted by Supreme Court, 228 S.W. 919.

Without going further into the testimony, it is held that the trial court was fully justified in its quoted finding that he suffered no damages by his failure in the circumstances to receive the water pump from the appellee.

The judgment will be affirmed.

Affirmed.