**Clifford HAMILTON, Individually and d/b/a Hamilton Farms, Appellant,**

v.

**HI–PLAINS TRUCK BROKERS, INC., Appellee.**

**No. 07–99–0440–CV.**

Court of Appeals of Texas, Amarillo.

April 10, 2000.

Rehearing Overruled July 6, 2000.

Wayne R. Barnes, Gibson Ochsner & Adkins LLP, Amarillo, for appellant.

Charles S. Chambers, Lubbock, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

## ON APPELLEE'S MOTION FOR ORDER INCREASING AMOUNT REQUIRED TO SUPERSEDE JUDGMENT

PER CURIAM.

After appellee Hi–Plains Truck Brokers, Inc. filed its brief on February 14, 2000, it then filed a motion seeking an order increasing the amount required to supersede the judgment against appellant Clifford Hamilton, Individually and d/b/a Hamilton Farms. An uncertified copy of the supersedeas bond bearing the trial court clerk's file stamp dated December 3, 1999, for an amount not to exceed $6,900, is attached as an exhibit to Hi–Plains's motion. Judgment was rendered in the underlying case in favor of Hi–Plains for $2,691.60 for the balance owed for brokerage services; prejudgment interest for $420.23; attorney's fees [1] for $11,500, subject to credits if no

---

**1.** At least one jurisdiction has held that because an award of appellate attorney's fees is a conditional award, depending on the outcome of the appeal, an appellant cannot be compelled to post a supersedeas bond that includes the amount of that award while the

appeal is perfected; court costs; and post-judgment interest at the rate of ten per cent per annum.

To be effective, a bond must be approved by the trial court clerk. Tex. R.App. P. 24.1(b)(2). Additionally, the trial court has continuing jurisdiction to review the sufficiency of a bond on any party's motion. Tex.R.App. P. 24.3(a); *see also* 24.1(b)(2). The clerk's record, however, does not contain a copy of the supersedeas bond, its approval by the clerk, or any order of the trial court setting the amount of the bond for $6,900. Thus, we are unable to determine if the trial court clerk approved the bond or if Hi–Plains filed a motion in the trial court requesting review of the sufficiency of the bond.

Before this Court can review the trial court's exercise of discretion in ordering the amount of security, the record must demonstrate that a request was presented to the trial court to decide the sufficiency of the bond and that the trial court made a ruling thereon. *See generally Lowe v. Monsanto Co.*, 965 S.W.2d 741, 742 (Tex. App.—El Paso 1998, no pet.) (vacating a trial court's order denying an amended motion to increase the amount of the deposit in lieu of supersedeas bond). Because the record before us does not establish that a motion to increase the amount of the supersedeas bond was presented to the trial court nor approved by the trial court clerk, nothing is presented for our review by Hi–Plains's motion. Accordingly, appellee's motion for order increasing amount required to supersede judgment is overruled.

appeal remains pending. *See Hughes v. Habitat Apartments,* 828 S.W.2d 794 (Tex.App.—Dallas 1992, writ of mandamus overruled); *see also* Tex.R.App. P. 24.2(a)(1) (excluding attorney's fees as part of the amount of the bond).