# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00496-CV

**Bank One, NA, Appellant**

**v.**

**GWJ Sourcenet Distribution, Inc., Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
## NO. 04-1326-CC2, HONORABLE TIMOTHY L. WRIGHT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this restricted appeal, Bank One challenges the default judgment rendered in favor of GWJ Sourcenet Distribution, Inc. (GWJ Sourcenet). Bank One contends that the county court at law erred in entering the default judgment because the writ of garnishment was defective and because the return of service of the writ of garnishment was defective. Bank One also insists that there is no evidence to support the county court at law's award of attorney's fees to GWJ Sourcenet. Because we hold that the writ of garnishment was defective, we reverse the default judgment and remand for further proceedings.

## BACKGROUND

On October 5, 2004, GWJ Sourcenet obtained a default judgment in the county court at law for $96,729 plus interest and attorney's fees against J&B Computer Maintenance, Inc. GWJ

Sourcenet then filed an application for a writ of garnishment in an attempt to garnish J&B Computer's account at Bank One. The writ of garnishment issued on November 29 and was served on Bank One's registered agent on November 30; Bank One did not file a written answer as required by the writ. On January 20, 2005, the county court at law entered a default judgment against Bank One for the full amount of the judgment against J&B Computer, plus attorney's fees.[1] This restricted appeal followed.

## STANDARD OF REVIEW

To prevail in a restricted appeal, a party must establish that (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying suit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the statement of facts. *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). In this case, the parties dispute only whether error is apparent on the face of the record.

---

[1] "If the garnishee fails to file an answer to the writ of garnishment at or before the time directed in the writ, it shall be lawful for the court . . . to render judgment by default . . . against such garnishee for the full amount of such judgment against the defendant together with all interest and costs that may have accrued in the main case and also in the garnishment proceedings." Tex. R. Civ. P. 667.

2

**DISCUSSION**

Bank One contends that the writ of garnishment is defective because it was issued by the incorrect court.[2] We agree.

Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of a debt. *See* Tex. Civ. Prac. & Rem. Code Ann. § 63.001 (West 1997); Tex. R. Civ. P. 657-79; *Beggs v. Fite*, 106 S.W.2d 1039, 1042 (Tex. 1937); *Jamison v. National Loan Investors, L.P.*, 4 S.W.3d 465, 468 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). Thus, garnishment necessarily involves three parties: a creditor, a debtor, and a third person who has some obligation to the debtor. *Orange County v. Ware*, 819 S.W.2d 472, 474 (Tex. 1991). Garnishment is a creditor's action against his debtor's debtor, the garnishee, to obtain satisfaction of what is owed the creditor. *Id*. Funds placed with a bank ordinarily become general deposits that create a debtor-creditor relationship between the bank and its depositor. *Bank One, N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992).

A writ of garnishment is available to a judgment creditor where the creditor has a "valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." Tex. Civ. Prac. & Rem. Code Ann. § 63.001(3). Although a garnishment action is separate from the original action, it is ancillary to the original proceeding and takes its jurisdiction from the underlying suit. *See Varner v. Koons*, 888 S.W.2d 511, 513 (Tex. App.—El Paso 1994, orig. proceeding); *see*

---

[2] Bank One also maintains that the writ of garnishment was defective because it did not state the (1) name and location of the issuing court, (2) filing date of the writ, and (3) name and address of plaintiff's counsel. Because we hold that the writ of garnishment was issued by an incorrect court, we do not address these alleged errors.

3

*also Baca v. Hoover, Bax & Shearer*, 823 S.W.2d 734, 738 (Tex. App.—Houston [14th Dist.] 1992, writ denied). The court in which the original suit was brought has the authority to issue the writ. *King & King v. Porter*, 252 S.W. 1022, 1022 (Tex. 1923). In addition, the writ of garnishment must have the seal of the issuing court impressed on it. Tex. R. Civ. P. 15 (all writs shall be dated and attested by clerk with seal of court impressed thereon), 662 (writ of garnishment shall be dated and tested as other writs). It has long been recognized in this state that the remedy of garnishment is summary and harsh and should not be sustained unless there is strict compliance with the statutory requirements and the related rules. *See*, *e.g.*, *Beggs*, 106 S.W.2d at 1042; *Mendoza v. Luke Fruia Inv. Inc.*, 962 S.W.2d 650, 651 (Tex. App.—Corpus Christi 1998, no pet.); *Walnut Equip. Leasing Co. v. J-V Dirt & Loam*, 907 S.W.2d 912, 915 (Tex. App.—Austin 1995, writ denied).

Here, GWJ Sourcenet filed an application for a writ of garnishment in County Court at Law No. 2 of Williamson County, the same court that issued the default judgment in the original suit against J&B Computer. However, the writ of garnishment was issued by County Court at Law No. 3 and was impressed with that court's seal. County Court at Law No. 3 was not authorized to issue the writ. *King & King*, 252 S.W. at 1022. Therefore, there is error on the face of the record. Accordingly, we hold that the writ of garnishment was defective and that it cannot serve as the basis for a default judgment.[3]

---

[3] Because we hold that the writ of garnishment was defective, we do not address the alleged defects in the return of service of the writ.

**CONCLUSION**

Because we hold that the writ of garnishment was defective, we reverse the default judgment and remand for further proceedings.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Reversed and Remanded

Filed:   July 21, 2006

5