

**NUMBER 13-08-474-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: GENERAL MOTORS ACCEPTANCE CORPORATION

### On Petition for Writ of Mandamus

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion[1] by Justice Yañez**

Through a petition for writ of mandamus, relator, General Motors Acceptance

Corporation ("GMAC"), attacks an order granting final judgment against it in a garnishment

proceeding. As explained herein, we conditionally grant the writ.

### I. Background

Eloy Sepulveda brought a suit against GMAC for the alleged wrongful repossession

of a vehicle in trial court Cause No. CL-07-3041-A in the County Court at Law No. 1 of

Hidalgo County, Texas. On October 22, 2007, the Honorable Rudy Gonzalez of that court

---

[1]*See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

rendered a default judgment against GMAC. On January 18, 2008, GMAC appealed that judgment.[2] On January 22, GMAC filed a supersedeas bond with Motors Insurance Corporation as surety. On January 25, Sepulveda filed a motion to review the sufficiency of the surety on the bond. Judge Gonzalez denied Sepulveda's motion on January 30, 2008.

Meanwhile, in a separate court action, on January 17, Sepulveda filed an application for writ of garnishment against GMAC from GMAC's bank, JPMorgan Chase, N.A. ("JPMorgan"). Instead of filing this writ of garnishment in County Court at Law No. 1, as is mandatory, Sepulveda filed this application for writ of garnishment in a different court, County Court at Law No. 6, in trial court Cause No. 08-0116-F. GMAC responded to the application and filed multiple motions to quash the application. On May 30, 2008, the Honorable Albert Garcia granted GMAC's motions and quashed the writ.

Sepulveda filed a motion for rehearing which was heard by the Honorable Arnold Cantu, the presiding judge of County Court at Law No. 5, who sat in for Judge Garcia. On July 16, 2008, Judge Cantu vacated the May 30 order quashing the writ or garnishment and concluded that "judgment [had] not been superseded by the posting of a valid supersedeas bond." Judge Cantu ordered that Sepulveda recover the amount of the judgment from JPMorgan, plus interest, and ordered GMAC to pay JPMorgan's attorney's fees.

GMAC filed this petition for writ of mandamus and a motion for emergency relief on August 8, 2008. That same day, this Court granted relator's request for emergency relief

_____

[2] The appeal is currently pending in this Court as *General Motors Acceptance Corporation v. Eloy Sepulveda*, No. 13-08-00055-CV.

2

and stayed execution and enforcement of the underlying judgment in Cause No. CL-3041-A until further order of this Court. The Court further requested and received a response from Sepulveda, the real party in interest, and has further received an amicus curiae brief filed by JPMorgan.[3]

GMAC attacks the judgment of garnishment through five issues. GMAC contends: (1) County Court at Law No. 6 interfered with County Court at Law No. 1's continuing jurisdiction to make decisions concerning the sufficiency of the surety on the bond; (2) County Court at Law No. 6 did not have authority or jurisdiction to disregard the January 30 order that the supersedeas bond was sufficient; (3) County Court at Law No. 6 disregarded the mandate of Texas Rule of Appellate Procedure 24.1(f) that enforcement of a judgment must be suspended if the judgment is superseded and that enforcement begun before the judgment is superseded must cease when the judgment is superseded; (4) the July 16 order is void because a garnishment proceeding can only be brought in the court in which the original suit was brought; and (5) County Court at Law No. 6 abused its discretion in issuing a writ of garnishment when relator filed a supersedeas bond to suspend the underlying judgment. Sepulveda contends generally that GMAC was essentially "laying behind the log" and that it filed no pleadings challenging the jurisdiction of County Court at Law No. 6, and "as a result such issues have been waived."

## II. Mandamus

To be entitled to mandamus relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re*

---

[3] Relator, GMAC, has filed a pending motion to compel the filing of a reporter's record in this matter. The reporter's record has been filed, and accordingly, we dismiss this motion as moot.

3

*Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)); *see In re McAllen Med. Ctr., Inc.*, 51 Tex. Sup. Ct. J., 1302, 2008 Tex. LEXIS 759, at *6 (Tex. Aug. 29, 2008) (orig. proceeding).

As a general rule, mandamus does not lie to review final judgments in garnishment proceedings because such rulings are subject to appeal. *See, e.g., Holtzman v. Holtzman*, 993 S.W.2d 729, 732 (Tex. App.–Texarkana 1999, no pet.); *Varner v. Koons*, 888 S.W.2d 511, 513 (Tex. App.–El Paso 1994, orig. proceeding). However, an appeal is an inadequate remedy when one court issues an order that directly interferes with another court's jurisdiction. *In re SWEPI, L.P.*, 85 S.W.3d 800, 809 (Tex. 2002) (orig. proceeding). Mandamus will also lie to correct a void order, that is, an order the trial court had no power or jurisdiction to render. *See Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex. 1986) (orig. proceeding). If an order is void, the relator need not show he lacks an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). Accordingly, we will proceed to analyze this matter in terms of the applicable substantive law.

### III. Waiver

We first address Sepulveda's claims that GMAC failed to contest the jurisdiction of County Court at Law No. 6 and thus its arguments herein have been waived. In its written pleadings, GMAC contended, inter alia, that it had posted a supersedeas bond in Cause No. CL-07-3041-A in County Court at Law No. 1; Sepulveda had challenged the sufficiency of the bond; the trial judge had approved the bond; and that it is a violation of the law to collect a judgment when there is an adequately posted supersedeas, citing Texas Rule of Appellate Procedure 24.1(f). At hearings, counsel expressly argued, on more than one

4

occasion, that County Court at Law No. 6 did not have "jurisdiction" to hear the garnishment proceeding. Accordingly, contrary to Sepulveda's arguments, GMAC adequately objected to County Court at Law No. 6's exercise of jurisdiction over the garnishment proceeding. Moreover, even if GMAC had failed to preserve this issue, we note that "[s]ubject matter jurisdiction . . . may not be waived by the parties." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993); *see Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).

## IV. Analysis

As a general rule, the right to supersede a judgment is absolute and is not a matter within the trial court's discretion. *Ex parte Kimbrough*, 135 Tex. 624, 146 S.W.2d 371, 372 (Tex. 1941); *In re Tarrant County*, 16 S.W.3d 914, 918 (Tex. App.–Fort Worth 2000, orig. proceeding); *see* TEX. R. APP. P. 24.1(a) (allowing a judgment to be superseded "[u]nless the law or these rules provide otherwise"). When a judgment is superseded, its provisions are suspended and cannot be enforced pending the appeal. *Kimbrough*, 146 S.W.2d at 372; *see* TEX. R. APP. P. 24.1(f). Further, "[e]nforcement begun before the judgment is superseded must cease when the judgment is superseded." TEX. R. APP. P. 24.1(f).

Filing a notice of appeal alone, however, does not suspend enforcement of the judgment. *See id.* 25.1(g). To suspend enforcement of a judgment pending appeal, a judgment debtor may supersede the judgment by: (1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment; (2) filing with the trial court clerk a good and sufficient bond; (3) making a deposit with the trial court clerk in lieu of a bond; or (4) providing alternate security ordered by the court. *See id.* 24.1(a).

5

The appellate rules vest the trial court with authority and jurisdiction to determine issues pertaining to superseding a judgment. *See generally id.* 24; *In re Kajima Int'l Inc.*, 139 S.W.3d 107, 111 (Tex. App.–Corpus Christi 2004, orig. proceeding). While the appeal is pending, the trial court has the continuing jurisdiction to (1) order the amount and type of security and decide the sufficiency of the sureties; and (2) if circumstances have changed, modify the amount or type of security necessary to continue supersedeas. TEX. R. APP. P. 24.3(a); *Law Eng'g & Envtl. Servs., Inc. v. Slosburg Co.*, 100 S.W.3d 389, 390 (Tex. App.–Houston [1st Dist.] 2002, order); *Hamilton v. Hi-Plains Truck Brokers, Inc.*, 23 S.W.3d 442, 443 (Tex. App.–Amarillo 2000, no pet.) (opinion on appellee's motion for order increasing amount required to supersede judgment). Review of a trial court's exercise of discretion concerning suspension of enforcement is vested with the appellate court having jurisdiction over the appeal. *See* TEX. R. APP. P. 24.4 (delineating scope of review); *Hamilton*, 23 S.W.3d at 443 ("Before this Court can review the trial court's exercise of discretion in ordering the amount of security, the record must demonstrate that a request was presented to the trial court to decide the sufficiency of the bond and that the trial court made a ruling thereon.").

In the instant case, Sepulveda attempted to enforce the judgment through a writ of garnishment.[4] Unlike a writ of execution, which requires a judgment creditor to wait thirty days after the final judgment is signed or the overruling of a motion for new trial, a writ of garnishment may issue at any time following the entry of a final judgment to obtain

---

[4] Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of a debt. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 63.001 (Vernon 2008); TEX. R. CIV. P. 657-79; *Jamison v. Nat'l Loan Investors, L.P.*, 4 S.W.3d 465, 468 (Tex. App.–Houston [1st Dist.] 1999, pet. denied).

judgment proceeds.  *See* TEX. R. CIV. P. 627, 657; *Thompson v. Harco Nat'l Ins. Co.*, 997 S.W.2d 607, 612 (Tex. App.–Dallas 1998, pet. denied).  "It is well settled that the jurisdiction in the trial court in proceedings of garnishment is that of the original suit." *King & King v. Porter*, 113 Tex. 198, 199, 252 S.W. 1022, 1022 (Tex. 1923).  In analyzing the proper appellate jurisdiction over a garnishment proceeding, the Texas Supreme Court explained the nature of garnishment proceedings as follows:

> A garnishment proceeding is ancillary to and a part of the principal action, and not only must it be brought in the court of the principal action, but when brought after final judgment in the original suit, the court will take judicial knowledge of such judgment.  Thus its justification and efficacy are grounded in the original action.

> The court in which the original suit was filed had already acquired jurisdiction of the original parties and of the subject matter of that suit, (upon which the garnishment depends), and of all processes for enforcing its judgment thereon. The garnishment proceeding is  ancillary to and a part of the original suit, and the court in that suit having acquired jurisdiction of the subject matter for all purposes, including the enforcement of its judgment, it necessarily follows that its jurisdiction extends to all issues raised in the enforcement of that judgment, and that its jurisdiction controls the appellate jurisdiction of such issues on appeal.

> The jurisdiction of the Court of Civil Appeals in this case is based upon the fact that the garnishment proceeding is only an incident to the original suit. It is a part of the original suit, and jurisdiction, both of the trial court and of the appellate court, is based upon the original suit as contemplated by the statutes.

> The garnishment proceeding could have been brought in no other court than the one in which the original suit was brought.

*Id.*; *see Baca v. Hoover, Bax & Shearer*, 823 S.W.2d 734, 738 (Tex. App.–Houston [14th Dist.] 1992, writ denied).

After due consideration of the foregoing principles, we conclude that the County Court at Law No. 6 erred in issuing the July 16 judgment allowing garnishment.  More

7

specifically, Judge Garcia was correct in granting GMAC's motions to quash the writ of garnishment, and the substitute judge, who reached a contrary decision on rehearing, was wrong.

While Sepulveda could clearly begin garnishment proceedings before GMAC superseded the judgment, such proceedings were required to have been brought in "no other court than the one in which the original suit was brought," that is, County Court at Law No. 1. *See King & King*, 252 S.W. at 1022. To allow otherwise would be to enable litigants to make an "end-run" around the trial court which has both jurisdiction and discretion to make determinations regarding supersedeas. In this regard, we note that this Court has not been asked to review the propriety of the trial court's rulings regarding the sufficiency or type of security or the sureties involved, and accordingly, we express no opinion herein regarding such matters. *See* TEX. R. APP. P. 24.4(a).

## V. Conclusion

We conditionally grant the writ of mandamus and direct the presiding judge of County Court at Law No. 6 to vacate the July 16, 2008 order granting Sepulveda's motion for rehearing and granting final judgment, and to dismiss the garnishment proceeding. We are confident that the trial court will comply, and our writ will issue only if it does not.

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this the 3rd day of November, 2008.

8