COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Larry Stanley and Terri Stanley v. John McClanahan

Appellate case number:   01-13-00982-CV

Trial court case number:  D-13-5,197

Trial court:              County Court of Colorado County

       In this forcible-detainer action, appellants, Larry Stanley and Terry Stanley, have filed an "Emergency Motion to Review Provisions of the Supersedeas Bond Order," appearing to argue that the supersedeas bond set by the trial court is excessive. On any party's motion, we may review the sufficiency or excessiveness of the amount security and the trial court's exercise of discretion in setting the amount of security. TEX. R. APP. P. 24.4; *TierOne Converged Networks, Inc. v. Lavon Water Supply Corp.*, No. 05-13-00370-CV, 2013 WL 6727876, at *1 (Tex. App.—Dallas Dec. 19, 2013, no pet.) (mem. op.). After reviewing appellants' motion, however, we conclude that appellants have not demonstrated that they are entitled to relief. The clerk's record does not contain any order by the trial court setting the amount of the bond for $18,963.[1] *See* TEX. R. APP. P. 24.4 (providing that appellate court reviews trial court's order); *LMC Complete Auto., Inc. v. Burke*, 261 S.W.3d 749, 749 (Tex. App.—Houston [1st Dist.] 2006, order) (appellant did not provide copy of trial court order); *Hamilton v. Hi-Plains Truck Brokers, Inc.*, 23 S.W.3d 442, 443 (Tex. App.—Amarillo 2000, order) (overruling appellee's motion for order increasing amount of security because of insufficient record). Further, appellants have failed to provide a record of the evidentiary hearing that took place in the trial court on the bond amount issue. *See LMC Complete*, 261 S.W.3d at 749; *see also Knowles v. Mack*, No. 04-04-00422-CV, 2004 WL 2046612, at *1 (Tex. App.—San Antonio Sept. 15, 2004, no pet.) (mem. op.) ("Without a record of the evidence the trial court considered in deciding whether the amount of the bond would likely cause Knowles substantial economic harm, we cannot conclude the trial court abused its discretion in denying Knowles' written motion to reduce the amount of security."). Thus, we have an insufficient basis upon which to review the trial court's decision. *See LMC Complete*, 261 S.W.3d at 749.

---

[1]      We note that appellants attached to their motion a purported copy of the trial court's supersedeas bond order. However, the copy is not certified or file-stamped and is not contained in the clerk's record.

Accordingly, appellants' motion is **DENIED**.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley
                  ☒ Acting individually    ☐ Acting for the Court

Date: February 4, 2014