# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00058-CV

**Appellant, First State Bank Central Texas//Cross-Appellant, Lakeway Regional Medical Center Development, LLC**

**v.**

**Appellees, Lakeway Regional Medical Center Development, LLC; Security State Bank & Trust; Daniel J. Brouillette and Robert Gerald Call//Cross-Appellee, First State Bank Central Texas**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-003795, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

First State Bank (FSB) obtained a $3.1 million judgment against Daniel J. Brouillette in Bell County district court. FSB then filed in Travis County district court an application for a post-judgment writ of garnishment against Lakeway Regional Medical Center Development, LLC (Lakeway) seeking to attach any property belonging to Brouillette that was in Lakeway's possession. Lakeway filed an answer in which it stated that it did not have in its possession any property belonging to Brouillette. FSB controverted Lakeway's answer. Lakeway later filed a motion to dismiss for lack of subject-matter jurisdiction, which the trial court granted. Lakeway then filed a motion seeking to recover court costs, including attorneys' fees, which the district court denied on the ground that it lacked jurisdiction. On appeal, FSB challenges the trial court's conclusion that it lacked subject-matter jurisdiction over the garnishment suit, and Lakeway challenges, by

cross-appeal, the trial court's denial of its motion for court costs and attorneys' fees. We will affirm in part and reverse and remand in part.

**BACKGROUND**

In June 2010, FSB obtained an agreed judgment against Brouillette in a Bell County district court in the amount of $3,172,385.31. Brouillette had an ownership interest in Lakeway. Believing that Lakeway had possession of money or other assets belonging to Brouillette, FSB filed a post-judgment garnishment proceeding in Travis County district court. Lakeway filed an answer to the garnishment application, verified by its manager Robert Call, in which it stated that it was neither indebted to Brouillette nor had any of Brouillette's property in its possession. The day after filing its answer, Lakeway transferred $698,419.15 from its own bank account to Security State Bank and Trust (Security State).

FSB controverted Lakeway's answer, asserting that the transferred funds constituted Brouillette's share of proceeds from Lakeway's development of the Lakeway Regional Medical Center and contending that Lakeway's verified answer falsely stated that Lakeway was not indebted to Brouillette. Lakeway responded that Brouillette had assigned the funds to Security State before entry of the agreed judgment and that the transferred funds therefore belonged to Security State pursuant to a valid security agreement. Lakeway subsequently filed a third-party petition against Security State and Brouillette requesting that, in the event the court determined the transferred funds did in fact belong to Brouillette, it recover any damages it incurred as a result of the transfer.

After the garnishment proceeding had been pending for almost two years, Lakeway filed a motion to dismiss for lack of jurisdiction. In its motion, Lakeway argued that the Travis

County district court did not have jurisdiction over the garnishment proceeding because exclusive jurisdiction over such a proceeding is vested in the court that issued the judgment that the garnishor is seeking to satisfy, in this case Bell County district court. On the day of the hearing on the motion to dismiss, FSB filed a third-party petition in the Travis County proceeding against Brouillette, Call, and Lakeway alleging a cause of action for conspiracy to defraud FSB and seeking a declaration that FSB's right to the transferred funds was superior to that of Lakeway, Brouillette, Call, or any other entity claiming any interest in them.

After a hearing on the motion to dismiss, the district court signed an order dismissing the case for lack of subject-matter jurisdiction. Thereafter, Lakeway filed a motion for costs, requesting that the court award it costs, including attorneys' fees, pursuant to either rule 677 of the Texas Rules of Civil Procedure, which governs costs available to a garnishee, or as sanctions pursuant to rule 13. *See* Tex. R. Civ. P. 13, 677. FSB's response to the motion contended, among other arguments, that because the court lacked subject-matter jurisdiction over the garnishment proceeding, it also lacked jurisdiction to award costs. After a hearing on the motion for costs, the district court signed an order "denying" the request for costs and fees on the ground that the court "lack[ed] jurisdiction to consider the merits of the motion." FSB and Lakeway each perfected an appeal. FSB challenges the trial court's order dismissing the case for lack of jurisdiction, and Lakeway challenges the trial court's denial of its motion for costs for lack of jurisdiction.

3

**DISCUSSION**

*FSB's Appeal*

In two issues, FSB contends that (1) the district court had jurisdiction over its application for writ of garnishment, and (2) the district court erred in dismissing its claim against Brouillette, Lakeway, and Call for conspiracy to defraud FSB and its request for a declaratory judgment regarding its superior right to the transferred funds.

This Court has previously held that the only court having subject-matter jurisdiction over an application for a writ of garnishment is the court that has or will issue the judgment that the garnishor is seeking to satisfy. *See Park v. Western Union Fin. Servs.*, No. 03-08-00292-CV, 2009 WL 3486373, at *2 (Tex. App.—Austin Oct. 30, 2009, no pet.) (mem. op.) ("Only the court in which the original suit was brought has subject-matter jurisdiction over the garnishment action.") (citing *King & King v. Porter*, 252 S.W. 1022, 1022 (Tex. 1923)); *see also In re General Motors Acceptance Corp.*, No. 13-08-00474-CV, 2008 WL 4822227, at *3 (Tex. App.—Corpus Christi Nov. 3, 2008, orig. proceeding) (mem. op.) (garnishment proceeding can be brought only in court in which original suit was filed); *Baca v. Hoover, Bax & Shearer*, 823 S.W.2d 734, 738 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (garnishment action is not original suit, but ancillary proceeding that takes its jurisdiction from underlying suit). FSB acknowledges this but asserts that these cases incorrectly relied on *King & King v. Porter*, a 1923 supreme court case holding that an appellate court had jurisdiction over an appeal from a garnishment proceeding even though the amount in controversy was below the appellate court's jurisdictional minimum. FSB argues that the court's holding in *King* was dependent on its construction of a now-superseded version of the

4

garnishment statute and that subsequent changes to the statute warrant reexamination of that court's holding regarding jurisdiction over garnishment proceedings.

FSB notes that the 1923 version of the garnishment statute provided that:

> The clerks of the district and county courts and justices of the peace may issue writs of garnishment, returnable to their respective courts, in the following cases:
>
> 1.      Where an original attachment has been issued . . . .
>
> 2.      Where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, and that the defendant has not, within his knowledge, property in his possession, within this state, subject to execution, sufficient to satisfy such debt . . . .
>
> 3.      Where the plaintiff has a judgment and makes affidvait that the defendant has not, within his knowledge, property in his possession within this state, subject to execution, sufficient to satisfy such judgment.

*See* Tex. Rev. Stats. art. 217 (1895) (current version at Tex. Civ. Prac. & Rem. Code §§ 63.001-.002). FSB contends that the inclusion of the word "where" in the statute indicated legislative intent that the only court that can issue a writ of garnishment is the court "where" the garnishor has obtained a judgment. The current version of the garnishment statute still provides that "[t]he clerk of a district or county court or a justice of the peace may issue a writ of garnishment returnable to his court," Tex. Civ. Prac. & Rem. Code § 63.002, but it now provides that:

> A writ of garnishment is available if:
>
> (1)      an original attachment has been issued;
>
> (2)      a plaintiff sues for a debt and makes an affidavit stating . . .; or

5

> (3)     a plaintiff has a valid, subsisting judgment and makes an affidavit stating . . . .

*Id.* § 63.001.  Because the current version of the statute does not include the word "where," FSB contends that the legislature intended to eliminate the previous restriction on which court had jurisdiction to issue a writ of garnishment.  Thus, FSB contends that the basis for the holding in *King* that jurisdiction over the garnishment proceeding is vested exclusively in the court that rendered the original judgment no longer obtains.  We disagree.

When the supreme court decided *King*, it was already well established that subject-matter jurisdiction over an application for writ of garnishment was vested exclusively in the court that rendered, or would render, the judgment sought to be enforced.  *See King*, 252 S.W. at 1022 ("It is well settled that the jurisdiction in the trial court in proceedings of garnishment is that of the original suit. . . .  The garnishment proceeding could have been brought in no other court than the one in which the original suit was brought.") (citing, inter alia, *Kelly v. Gibbs*, 19 S.W. 563, 563-64 (Tex. 1892)).  The *King* court observed that the reason for the rule was that "[a] garnishment proceeding is ancillary to and a part of the principal action . . . ." *Id.*  The court went on to explain that the court's holding in *Kelly* rested in part on the statutory requirement that the writ "shall be made returnable to the court in which the original judgment was rendered, and that the cause should be heard and determined in that court, without reference to the amount in controversy." *Id.* at 1022-23 (quoting *Kelly*, 19 S.W. at 563).  The *Kelly* court held that this requirement evidenced the legislature's intent that even post-judgment garnishment proceedings were "ancillary and part of the original suit." *Kelly*, 19 S.W. at 563.

6

FSB does not dispute that the current version of the statute still states that the writ is returnable only to the court that issued it. FSB contends, however, that because section 63.001 does not use the word "where," the legislature has eliminated the requirement that only the court in which the original action was filed has *jurisdiction* to issue the writ. We do not agree that this alteration in the statute's wording indicates a legislative intent to overrule the supreme court's holdings in *Kelly* and *King* regarding subject-matter jurisdiction over garnishment proceedings. The current version of the statute effectively replaces the word "where" with the word "if" and sets forth the same three circumstances under which a writ of garnishment is available. *Id.*[1] We conclude that the legislature's use of the word "where" in the earlier version of the statute was not intended to be locational—i.e., to designate which court had jurisdiction to issue the writ of garnishment. Rather, in this context we believe the legislature intended the word "where" to be conditional—i.e., to set forth the circumstances that must obtain in order for a writ of garnishment to be available. In other words, the statute's meaning was not altered by the substitution of the word "if" for the word "where." Moreover, the supreme court's conclusion that a garnishment must be filed in the court that rendered the judgment sought to be enforced derived not from the language of the garnishment statute but from the fact that a garnishment is not an original suit but is instead ancillary to the main one. *See King*, 252 S.W. at 1022 ("Suits in garnishment are ancillary to and a part of the original suit, and cannot be separated therefrom.").

---

[1] We also note that the applicable section is titled "Grounds," indicating that its purpose is to describe the *circumstances* that would permit a court to issue a writ of garnishment. *See* Tex. Civ. Prac. & Rem. Code § 63.001.

The ancillary nature of garnishment proceedings has not changed, and we are unpersuaded that the legislature's rewording of the garnishment statute when it was codified in 1985 was intended to overrule well-established case law holding that subject-matter jurisdiction over garnishment proceedings is vested exclusively in the court in which the original action was filed. We overrule FSB's first issue.

In its second issue, FSB asserts that the trial court erred in dismissing its conspiracy-to-defraud claim against Brouillette, Call, and Lakeway for lack of subject-matter jurisdiction.[2] FSB contends that its pleading asserting this claim contained all the elements sufficient to invoke the trial court's jurisdiction and, consequently, the trial court had jurisdiction over this claim irrespective of whether it had jurisdiction over the garnishment proceeding. We agree. Even though the district court did not have jurisdiction over the garnishment proceeding, FSB's tort claim against Lakeway, Call, and Brouillette contained all the essential elements of a separate cause of action and could, therefore, be maintained as a separate suit. *See Williams v. National Mortg. Co.*, 903 S.W.2d 398, 403 (Tex. App.—Dallas 1995, writ denied). In *Williams*, the court held that it made no difference that a counterclaim that contained all the essentials of a separate claim was filed and docketed as part of a suit no longer in existence, and that fact did not "defeat its validity as an independent lawsuit." *Id.* (citing *Leach v. Brown*, 292 S.W.2d 329, 331 (Tex. 1956)). Similarly here, the fact that the trial court did not have jurisdiction over the garnishment proceeding does not

---

[2] FSB does not complain on appeal that the trial court erred in dismissing its request for a declaration that its interest in the transferred funds was superior to that of Lakeway, Brouillette, Call, or any other entity claiming any interest in them. Consequently we express no opinion regarding whether such dismissal was proper.

defeat the validity of FSB's tort claim as an independent suit even though it was filed and docketed in the same cause number as the garnishment suit. *See id.* Thus, although the district court did not have subject-matter jurisdiction over FSB's application for a writ of garnishment, it did have subject-matter jurisdiction over FSB's claim for conspiracy to defraud. The court therefore erred by dismissing that claim for want of jurisdiction.

Lakeway, Call, and Brouillette counter that FSB's pleading, which was filed on the same day as the hearing on their motion to dismiss, was untimely. Their argument invokes Texas Rule of Civil Procedure 63, which requires that a party obtain leave of court to file an amended pleading within seven days of trial. *See* Tex. R. Civ. P. 63. But a hearing on a motion to dismiss for lack of jurisdiction is not a "trial" for purposes of rule 63. *See City of McKinney v. Hank's Rest. Grp.*, 412 S.W.3d 102, 110 (Tex. App.—Dallas 2013, no pet.) (rules of civil procedure do not prescribe deadline for filing amended pleadings before hearing or submission of plea to jurisdiction); *Grand Prairie Hosp. Auth. v. Tarrant Appraisal Dist.*, 707 S.W.2d 281, 283 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.) (hearing on plea to jurisdiction is not "trial" for purposes of rule 63). Lakeway, Call, and Brouillette also contend that FSB's conspiracy-to-defraud claim lacks merit. Specifically, they contend that because the garnishment was void, the alleged act of wrongfully transferring funds after the writ of garnishment issued "could not support a cause of action for conspiracy." Whether the claim has merit, however, is a different question from whether FSB's pleading invoked the district court's subject-matter jurisdiction. We sustain FSB's second appellate issue.

***Lakeway's Cross-Appeal***

In its cross-appeal, Lakeway asserts that the district court erred in concluding that it lacked jurisdiction to consider Lakeway's motion for court costs, including attorneys' fees and expenses. Lakeway's motion sought recovery pursuant to Texas Rule of Civil Procedure 677 or, in the alternative, as sanctions for filing and pursuing a groundless and frivolous suit. *See* Tex. R. Civ. P. 13, 677. Rule 677 provides:

> Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this section; where the answer is contested, the costs shall abide the issue of such contest.

We first observe that generally when a court lacks subject-matter jurisdiction over a claim, the only action it can take is to dismiss the claim. *See American Motorist Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001) ("If a claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed."). Relying on *Nausler v. Coors Brewing Co.*, Lakeway contends, however, that the language of Rule 677 mandates an award of attorneys' fees even though the trial court properly concluded that it did not have subject-matter jurisdiction over the garnishment proceeding. 170 S.W.3d 242, 257 (Tex. App.—Dallas 2005, no pet.) (holding that statutory language contained in Beer Industry Fair Dealing Law required award of attorneys' fees to party who "prevailed" by successfully arguing that plaintiff lacked standing to pursue claim). Lakeway maintains that it meets the definition of a "prevailing party" and, as in *Nausler*, the pertinent rule mandates the award of costs even though the claim is dismissed for lack of jurisdiction.

10

*See id.* ("The statute text mandates the award of fees [to the prevailing party] even if the action cannot be maintained, whether or not it is dismissed for lack of jurisdiction."). We disagree. Even were we to conclude that Lakeway does fall within the definition of a "prevailing party," an issue we need not address, the text of Rule 677 does not mandate an award of attorneys' fees when a garnishment proceeding is dismissed for lack of subject-matter jurisdiction. Rule 677 provides that the court must award costs against the plaintiff if the garnishee is "discharged upon his answer" and must tax costs against the defendant if the garnishee's answer is uncontroverted and the garnishee "is held thereon." But the rule provides that when, as here, the garnishee's answer is contested, the court must award costs to the party that prevails on "such contest." The rule does not contemplate an award of attorneys' fees when the trial court, without regard to the merits, dismisses the garnishment proceeding for lack of subject-matter jurisdiction. We reject Lakeway's contention that it is entitled to fees pursuant to the third provision of rule 677—that the costs "shall abide the issue of such contest." Here, Lakeway filed an answer stating that it did not have property in its possession that was subject to garnishment, and FSB contested that answer. The trial court did not make a determination regarding "the issue of such contest" but instead dismissed the case for lack of subject-matter jurisdiction. We hold that Rule 677 does not provide for an award of costs to a garnishee when the garnishment proceeding is dismissed for lack of subject-matter jurisdiction.[3]

---

[3] The present case is also distinguishable from *Spector Gadon & Rosen, P.C. v. Southwest Securities, Inc.* in which the court of appeals held that Rule 677 provided for an award of fees to a garnishee when the plaintiff contested the garnishee's answer but subsequently filed a notice of nonsuit. 372 S.W.3d 244, 249-50 (Tex. App.—Dallas 2012, no pet.). In that case, the court of appeals held that because the plaintiff filed a nonsuit and "abandoned" its claim, the garnishee prevailed on "the issue of such contest."

The trial court does, however, have jurisdiction to award attorneys' fees as sanctions under rule 13 of the Texas Rules of Civil Procedure in the event it deems such sanctions appropriate. *See* Tex. R. Civ. P. 13 (providing for sanctions against party filing groundless pleading); *see also Thielemann v. Kethan*, 371 S.W.3d 286, 295 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (addressing whether it was appropriate to award Rule 13 sanctions when party filed suit in court that lacked subject-matter jurisdiction over claim). We therefore sustain the sole issue in Lakeway's cross-appeal. On remand the trial court may consider whether Rule 13 sanctions are warranted under the circumstances, which include that *both* parties actively participated in the garnishment proceedings for almost two years and Lakeway itself filed a third-party petition almost a year before filing its motion to dismiss for lack of subject-matter jurisdiction.

## CONCLUSION

For the reasons stated, we affirm the trial court's order dismissing the garnishment proceeding for lack of jurisdiction. We reverse the portion of the trial court's order dismissing FSB's cross-claim against Lakeway for lack of jurisdiction and dismissing Lakeway's motion for costs for lack of jurisdiction and remand those claims to the trial court for further proceedings.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed in Part, Reversed and Remanded in Part

Filed:  February 20, 2014

12