**LAW ENGINEERING AND ENVIRONMENTAL SERVICES, INC., Appellant,**

**v.**

**SLOSBURG COMPANY, Gibraltar Construction Company, and Texas SFI Partnership 24 Limited, Appellees.**

**Slosburg Company, Gibraltar Construction Company, and Texas SFI Partnership 24 Limited, Appellants,**

**v.**

**Law Engineering and Environmental Services, Inc., Appellee.**

**No. 01–02–00153–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 19, 2002.

Jon Todd Powell, San Antonio, Thomas C. Wright, Lucy Haroutunian, Wright Law Firm, for appellant.

Jeffrey C. Alexander, Jennifer Horan Greer, Jean C. Frizzell, Scarlett Elizabeth Collings, Robin C. Gibbs, Gibbs & Bruns, L.L.P., Houston, for appellee.

Panel consists of Justices HEDGES, KEYES, and DUGGAN.*

### ORDER

PER CURIAM.

After an appeal was filed, Slosburg Company, Gibraltar Construction Company, and Texas SFI Partnership 24 Limited (collectively appellees), filed a motion to "Determine Adequacy of Supersedeas Bond." Appellees' motion requests that this Court order Law Engineering and Environmental Services, Inc. (Law), to "provide additional security for the post-judgment interest likely to accrue on the judgment."

The trial court has continuing jurisdiction to review the sufficiency of a bond on any party's motion. TEX.R.APP. P. 24.3(a); see TEX.R.APP. P. 24.1(b)(2). We cannot review the trial court's exercise of discretion in ordering the amount of security unless the record demonstrates that a request was presented to the trial court to determine the sufficiency of the bond and that the trial court made a ruling thereon. *Hamilton v. Hi–Plains Truck Brokers, Inc.*, 23 S.W.3d 442, 443 (Tex.App.-Amarillo 2000, no pet.); see *Lowe v. Monsanto Co.*, 965 S.W.2d 741, 742 (Tex.App.-El Paso 1998, pet. denied) (vacating trial court's order denying amended motion to increase

amount of deposit in lieu of supersedeas bond and remanding for entry of findings of fact). After reviewing the record, it appears that appellees have failed to present a motion to the trial court to increase the amount of the supersedeas bond; therefore, this Court does not have jurisdiction to consider this matter.[1] Accordingly, appellees' motion for an order increasing the amount of the supersedeas bond is **denied.**

It is so **ORDERED.**

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. See *Gullo–Haas Toyota, Inc. v. Davidson, Eagleson & Co.*, 832 S.W.2d 418, 419–20 (Tex. App.-Houston [1st Dist.] 1992, no writ) (holding, based upon pre–1997 version of rules of appellate procedure, that appellee's motion to increase security for judgment must be filed with trial court).