**Petition for Writ of Mandamus Conditionally Granted and Corrected Opinion filed August 1, 2017.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑�ˢ

___

**NO. 14-17-00449-CV**

___

**IN RE INVUM THREE, LLC, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Co Civil Ct at Law No 1**
**Harris County, Texas**
**Trial Court Cause No. 1091333**

---

## OPINION

We withdraw our opinion of July 5, 2017, and issue this corrected opinion.

The underlying proceeding is forcible detainer suit to gain possession of real property. Relator is Invum Three, LLC, who is the plaintiff below. Real party-in-interest is Ronald T. Ricks, who is defendant below (Ricks).

On June 7, 2017, Relator filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, Relator asks this court to compel the Honorable George Barnstone, presiding judge of the County Civil Court at Law No. 1 of Harris County, to vacate his May 5, 2017 order staying execution of a writ of possession signed on May 1, 2017.

We conditionally grant the petition for writ of mandamus.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 26, 2015, Ricks executed a deed of trust collateralizing property known as 20334 Bishops Gate, Houston, Texas for the repayment of a loan. On December 6, 2016, a creditor foreclosed on the subject property. Relator purchased the property at the foreclosure sale.

Relator brought the underlying eviction suit by filing a complaint with the Harris County Justice of the Peace, Precinct 4, Place 1. At the trial, the Justice Court ruled in Relator's favor. Ricks appealed to the County Court for a trial de novo. Trial was held on April 18, 2017, but Ricks failed to appear. At trial, Relator presented documentary and testimonial evidence, and upon the close of evidence the County Court rendered judgment awarding Relator possession of the property.

On April 26, 2017, Relator requested and paid for a writ of possession from the county clerk. On May 1, 2017, the clerk issued the writ of possession. On or about May 4, 2017, a Harris County Deputy Constable posted the writ of possession at the subject property. The same day, Ricks filed a motion to stay the writ of

possession or alternatively to recall the writ of possession, and filed a motion for new trial.

The following day, on May 5, 2017, the trial court held a hearing on the motion to recall the writ of possession, and signed an order staying the writ of possession. Additionally, the court ordered the Constable to not set the lockout date, and to hold the writ in the Constable's possession, until further instructions from the court. The motion for new trial remains pending.

## II. MANDAMUS STANDARD

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The appellate court reviews the trial court's application of the law de novo. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Relator has no adequate remedy by appeal because the rules do not provide for a right to appeal an order staying the execution of a writ of possession.

3

# III. ANALYSIS

"Forcible-entry-and-detainer actions provide a speedy, summary, and inexpensive determination of the right to immediate possession of real property." *Hong Kong Dev. Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "It was created to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). Accordingly, we interpret the rules governing forcible-entry-and-detainer actions consistent with this purpose.

The appellate jurisdiction of the county court is confined to the jurisdictional limits of the justice court. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Texas Rule of Civil Procedure 510.13, applicable here,[1] states:

> The writ of possession, or execution, or both, will be issued by the clerk of the county court according to the judgment rendered, and the same will be executed by the sheriff or constable, as in other cases. **The judgment of the county court may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond** in an amount set by the county court pursuant to Section 24.007 of the Texas Property Code.

---

[1] Tex. R. Civ. P. 510.3(d) ("[e]viction cases are governed by Rules . . . and 510 of Part V of the Rules of Civil Procedure"). Further, Rule 500.3(e) provides: "The other Rules of Civil Procedure and the Rules of Evidence do not apply except: (1) when the judge hearing the case determines that a particular rule must be followed to ensure that the proceedings are fair to all parties; or (2) when otherwise specifically provided by law or these rules." Tex. R. Civ. P. 500.3(e).

4

Tex. R. Civ. P. 510.13 (emphasis added). Consistent with Rule 510.13, a writ of possession was issued in accordance with the judgment rendered. Rule 510.13 prohibits a stay of the judgment in a forcible-entry-and-detainer action, absent the filing of a supersedeas bond within ten days of the judgment. Ricks did not file a supersedeas bond within ten days of the judgment or thereafter. Accordingly, the trial court's order staying the writ of possession, through which Relator seeks to execute the judgment granting it possession, violates Rule 510.13's unambiguous language, and therefore constitutes a clear abuse of discretion.

## IV. CONCLUSION

We therefore conditionally grant the petition for writ of mandamus. We direct the trial court to immediately vacate its May 5, 2017 order staying execution of the writ of possession. We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.

/s/    Kevin Jewell
       Justice

Panel consists of Justices Boyce, Donovan, and Jewell.

5