**Motion Denied and Memorandum Opinion filed August 14, 2018.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-18-00150-CV
———————

**GLENN JOHNSON, Appellant**

**V.**

**WILLIAM VILLATORO, Appellee**

---

**On Appeal from the Co Civil Ct at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1105737**

---

## MEMORANDUM OPINION ON MOTION
## FOR REVIEW OF SUPERSEDEAS ORDER

Appellant Glenn Johnson appeals the county court's judgment signed February 20, 2018, awarding possession of his residence to appellee in a forcible detainer action. *See* Tex. Prop. Code Ann. § 24.007 (West Supp. 2017) (authorizing appeal on issue of possession of premises "used for residential purposes only"). The county court set the amount of a supersedeas bond at $6,000. Johnson filed an emergency motion to review excessiveness of bond and stay the issuance of any writ

of possession.[1] We granted temporary relief and ordered enforcement of the county court's supersedeas order and final judgment stayed in county court cause number 1105737, styled *William Villatoro v. Glenn Johnson*, until further order of this court. A response was requested, but not received, from appellee.

On the motion of a party, an appellate court may review the sufficiency or excessiveness of the amount of security a trial court determines is necessary to suspend enforcement of a civil judgment pending appeal. Tex. R. App. P. 24.4(a). We review the trial court's determination under an abuse-of-discretion standard. *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2005, order). Generally, the test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or acted arbitrarily or unreasonably. *See McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995).

Texas Property Code Section 24.007 and Texas Rule of Appellate Procedure 24.2(a)(2) govern the security required to suspend enforcement of an eviction judgment. Section 24.007 of the Property Code provides:

> A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages

---

[1] Appellant's motion also sought to establish his indigence for purposes of appeal. This Court has previously deemed appellant indigent for purposes of the appellate filing fee only. *See* Tex. R. App. P. 20.1.

which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

Tex. Prop. Code § 24.007. The appellate rules on security provide that when the court renders a judgment for the recovery of real property, the amount of security must be at least "the value of the property interest's rent or revenue." Tex. R. App. P. 24.2(a)(2)(A).[2]

Our review of the record reflects that the justice court found the fair market rental value of the property was $600 per month. *See* Tex. Prop. Code § 24.0053(a) (requiring justice court to note in judgment amount of rent to be paid each period during pendency of any appeal). The county court set the amount of a supersedeas bond in reliance on the justice court's finding. The county court indicated it was using a time frame of 10 months in setting the bond at $6,000. We conclude the county court did not abuse its discretion in setting this bond amount based on the approximate monthly rental value found by the justice court and the amount of rent likely to accrue during pendency of the appeal.

To the extent appellant's motion can be construed as a challenge to the bond amount based on substantial economic harm under Rule 24.2(b) of the Texas Rules of Appellate Procedure, we conclude appellant did not preserve such a challenge in the county court. A county court has continuing jurisdiction to order the amount and

---

[2] Appellant contends that the amount of security should have been set at $0 under Texas Rules of Appellate Procedure 24.2(a)(1)(A) and 24.2(c) because his net worth is negative. But those rules apply only to the amount of security necessary to suspend enforcement of a money judgment, not a judgment for recovery of an interest in property. *See Butler v. Kaur Holdings*, No. 08-15-232-CV, 2015 WL 7348970, at *2 (Tex. App.—El Paso Nov. 20, 2015, mem. op. on motion). Of course, net worth can also be relevant to an argument that the amount of security required is likely to cause the debtor substantial economic harm—an issue we address below. *See* Tex. R. App. P. 24.2(b).

type of security or, if circumstances change, to modify the amount or type of security even after its plenary power expires. Tex. R. App. P. 24.3(a). Further, an appellate court reviews a county court's determination of whether an appellant is likely to suffer substantial economic harm for an abuse of discretion. *See O.C.T.G., L.L.P. v. Laguna Tubular Products Corp.*, 525 S.W.3d 822, 831 (Tex. App.—Houston [14th Dist.] 2017, op. on motion). We cannot review the county court's exercise of discretion unless the record demonstrates that a request to reduce the amount of security due to substantial economic harm was presented to the county court and a ruling made thereon. *See Law Eng'g & Envtl. Servs., Inc. v. Slosburg Co.*, 100 S.W.3d 389, 390 (Tex. App.—Houston [1st Dist.] 2002, order). Our record does not show that the county court has ruled on such a request.

For these reasons, we deny appellant's motion. Our order of March 5, 2018, staying enforcement of the county court's supersedeas order and final judgment in county court cause number 1105737, styled *William Villatoro v. Glenn Johnson*, is vacated and our stay is lifted.

The record reflects, however, that appellant has filed a supersedeas bond in the amount set by the county court. Because the judgment has been superseded in accordance with the county court's order, enforcement of the county court's final judgment remains suspended. *See* Tex. R. App. P. 24.1(f).


/s/     J. Brett Busby
Justice


Panel consists of Justices Busby, Brown, and Wise.

4