COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Jose Angel Landaverde v. Joe D. Gutierrez

Appellate case number:   01-19-00732-CV

Trial court case number:  1139863

Trial court:                County Civil Court at Law No. 1 of Harris County

Jose Angel Landaverde appeals from the trial court's judgment signed September 24, 2019, granting appellee, Joe D. Gutierrez, possession of premises in which Landaverde has been residing. In the judgment, the trial court set the amount of the bond to supersede execution of the judgment at $5,550.

On October 2, 2019, Landaverde filed a motion in this Court requesting a stay of issuance of the writ of possession and for review of the "excessive Supersedeas bond." The clerk's record indicates that Landaverde has filed statements of inability in the trial court and no order has issued overruling his claim of inability to afford payment of court costs. \

Rule 24.2(b) requires a trial court to lower the amount of security to an amount that will not cause substantial economic harm to the judgment debtor if the court finds, after notice and a hearing, that posting a bond in the amount required by Rule 24.2(a) is likely to cause the judgment debtor substantial economic harm. TEX. R. APP. P. 24.2(a), (b). The clerk's record does not indicate that Landaverde has asked the trial court to reduce the amount of the supersedeas bond based on his ability to pay and the substantial economic hard the bond will cause. *See Law Eng'g & Envtl. Servs., Inc. v. Slosburg Co.*, 100 S.W.3d 389, (Tex. App.—Houston [1st Dist.] 2002, mem. order) (appellate court may not review trial court's exercise of discretion in setting amount of security unless record shows appellant requested trial court first determine sufficiency of bond and trial court made ruling); *Brady v. Compass Bank*, No. 04-19-00021-CV, 2019 WL 1459257, at *2 (Tex. App.—San Antonio Apr. 3, 2019, no pet.) (mem. op.) (appellant does not preserve claim that supersedeas is excessive if he does not request reduction of the supersedeas amount based on contention that amount will cause substantial economic harm); *Johnson v. Villatoro*, No. 14-18-00150-CV, 2018 WL 3848070, at *2 (Tex. App.—Houston [14th Dist.] Aug. 14, 2018, no pet.) (mem. op.) (appellate court cannot review county court's exercise of discretion unless record shows appellant made request to reduce amount of security due to substantial economic harm was presented to trial court and ruling made on request).

Because Landaverde has not requested reduction of the amount of the supersedeas due to substantial economic harm, we deny his motion to stay the writ of possession and to review the trial court's supersedeas amount. Landaverde may renew his request for review of the supersedeas bond if he preserves this complaint by seeking reduction in the trial court due to substantial economic harm.

It is so ORDERED.


Judge's signature: _____Justice Richard Hightower_____

              ☑ Acting individually   ☐ Acting for the Court


Date: ___October 10, 2019_____