**Motion to reduce bond denied; Motion to review attorney's fees carried with the case; Motion to stay writ denied. Order filed November 20, 2019**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-19-00831-CV

———————

### BRIDGET HUNTER, Appellant

### V.

### BEL MANDALAY LIMITED PARTNER D/B/A MANDALAY AT SHADOW LAKE, Appellee

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1138391**

## ORDER

Appellant Bridget Hunter appeals the county court's judgment signed October 17, 2019 awarding possession of her residence to appellee in a forcible detainer action. *See* Tex. Prop. Code § 24.007 (authorizing appeal on issue of possession for premises "used for residential purposes only"). The judgment ordered that appellee shall recover the premises at issue and that writ of possession shall issue unless execution of the judgment is stayed by posting a supersedeas bond in the amount of $10,450.00. On October 29, 2019, appellant filed two emergency motions. In her first motion, titled "Emergency Motion to Stay Writ of

Possession," appellant requested we stay the writ of possession issued by the trial court. On November 5, 2019, this court granted appellant a 14-day stay and requested that appellee file a response to appellant's motions. In appellant's second motion, titled "Emergency Motion to Request a Review of Excessive Supersedeas Bond and Legal Fees," appellant requested that we review the supersedeas bond amount and the award of attorney's fees because she argues they are excessive.

## A. Review of Supersedeas Bond

On the motion of a party, an appellate court may review the sufficiency or excessiveness of the amount of security a trial court determines is necessary to suspend enforcement of a civil judgment pending appeal. Tex. R. App. P. 24.4(a). We review the trial court's determination under an abuse-of-discretion standard. *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2005, order). Generally, the test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or acted arbitrarily or unreasonably. *See McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995).

Texas Property Code Section 24.007 and Texas Rule of Appellate Procedure 24.2(a)(2) govern the security required to suspend enforcement of an eviction judgment. Section 24.007 of the Property Code provides:

> A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

Tex. Prop. Code § 24.007. The appellate rules on security provide that when

the court renders a judgment for the recovery of real property, the amount of security must be at least "the value of the property interest's rent or revenue." Tex. R. App. P. 24.2(a)(2)(A).2

Our review of the record reflects that the monthly rental value applicable to the property in question is $1,450.00. *See* Tex. Prop. Code § 24.0053(a) (requiring justice court to note in judgment amount of rent to be paid each period during pendency of any appeal). The county court set the supersedeas bond amount at ten times the amount of appellant's rent, which is an amount equal to ten months of rent likely to accrue during the pendency of this appeal. We conclude the county court did not abuse its discretion in setting this bond amount based on the approximate monthly rental value and the amount of rent likely to accrue during pendency of the appeal. *See Johnson v. Villatoro,* No. 14-18-00150-CV, 2018 WL 3848070, at *2 (Tex. App.—Houston [14th Dist.] Aug. 14, 2018, no pet.) (mem. op.) (finding the trial court did not abuse its discretion in setting the supersedeas bond at ten times the monthly rent in a forcible detainer action); *see Whitmire v. Greenridge Place Apartments*, No. 01-06-00963-CV, 2007 WL 2894167 at *5-6 (Tex. App.—Houston [1st Dist.] Oct. 4, 2007, pet. denied) (mem. op.) (eleven times monthly rent not an abuse of discretion); *see Brady v. Compass Bank*, No. 04-19-00021-CV, 2019 WL 1459257, at *2 (Tex. App.—San Antonio April 3, 2019, no pet.) (mem. op.) (twelve times monthly rent not an abuse of discretion).

To the extent appellant's motion can be construed as a challenge to the bond amount based on substantial economic harm under Rule 24.2(b) of the Texas Rules of Appellate Procedure, we conclude appellant did not preserve that challenge in the county court. A county court has continuing jurisdiction to order the amount and type of security or, if circumstances change, to modify the amount or type of security even after its plenary power expires. Tex. R. App. P. 24.3(a). Further, an appellate court reviews a county court's determination of whether an appellant is likely to suffer substantial economic harm for an abuse of discretion. *See O.C.T.G., L.L.P. v. Laguna Tubular Products Corp.*, 525 S.W.3d 822, 831 (Tex. App.—

Houston [14th Dist.] 2017, op. on motion). We cannot review the county court's exercise of discretion unless the record demonstrates that a request to reduce the amount of security due to substantial economic harm was presented to the county court and a ruling made thereon. *See Law Eng'g & Envtl. Servs., Inc. v. Slosburg Co.*, 100 S.W.3d 389, 390 (Tex. App.—Houston [1st Dist.] 2002, order). Our record does not show that appellant has made such a request.

Accordingly, we affirm the amount of the supersedeas bond set by the trial court and deny appellant's motion to waive the bond.

## B. Review of Attorney's Fees

Appellant requests that we review the award of attorney's fees and contends the award is excessive, unlawful, arbitrary, and a "sham." This issue goes to the merits of the appeal and should be reserved for final briefing on the merits. Appellant's motion was brought pursuant to Rule 24 of the Rules of Appellant Procedure, which allows appellate review of (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on any bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion to order or modify security after its plenary power expires. *See* Tex. R. App. P. 24.4(a). Accordingly, we decline to review the award of attorney's fees at this time and will carry with the case the part of appellant's motion challenging attorney's fees.

## C. Motion to Stay Writ of Possession

Because we have concluded the supersedeas bond amount is reasonable, we decline to stay the writ of possession when appellant has failed to pay the bond. Section 24.007 of the Texas Property Code provides, in relevant part:

> A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the Defendant files a supersedeas bond in an amount set by the county court.

Tex. Prop. Code § 24.007. *See also* Tex. R. Civ. P. 510.13 (providing, in relevant

part, "the judgment of the county court may be stayed unless within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court"). Accordingly, we decline to stay the writ of possession and deny appellant's motion. *See In re Invum Three, LLC*, 530 S.W.3d 748, 750 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (issuing a conditional writ of mandamus where trial court stayed writ of possession despite appellant's failure to file supersedeas bond). The temporary stay order we issued on November 5, 2019 under Texas Rule of Appellate Procedure 24.4(c) expired by its terms on November 19, 2019.

## Conclusion

We affirm the supersedeas bond amount set by the trial court, we carry with the case appellant's motion to review the award of attorney's fees, and we deny appellant's motion to stay the writ of possession.

PER CURIAM

Panel Consists of Justices Jewell, Bourliot, and Zimmerer.