**Conditionally Granted and Opinion Filed July 5, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00460-CV**

**IN RE RENT SPACE MGMT LLC, Relator**

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-04670-A**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Carlyle

In this mandamus proceeding, relator Rent Space Mgmt LLC seeks to compel the trial court to issue a writ of possession regarding certain real property in Dallas County (the Property). Though this Court requested responses from real party in interest Tyra Goodley and the respondent, no response was filed. After reviewing Rent Space's mandamus petition and the mandamus record, we conditionally grant the petition for writ of mandamus.

## Background

In July 2021, Rent Space filed suit in justice court to evict Ms. Goodley from the Property. A jury found in Rent Space's favor and the justice court entered a

judgment awarding Rent Space possession of the Property. Ms. Goodley appealed in county court. Though a trial date was set, the county court instead entered a December 2021 abatement order sua sponte.

Rent Space successfully challenged the abatement order in a prior mandamus proceeding in this Court, *In re Rent Space Mgmt LLC*, No. 05-21-01073-CV, 2022 WL 248075 (Tex. App.—Dallas Jan. 27, 2022, orig. proceeding) (mem. op.). Then, the trial court vacated the abatement order, conducted a trial regarding the eviction proceeding, and entered a February 22, 2022 final judgment awarding Rent Space possession of the Property. The judgment ordered "that Plaintiff shall be entitled to, and the Clerk of this Court is so directed to issue, all writs of execution and other process that are necessary to enforce this final judgment, including a writ of possession, which may issue on March 7, 2022, for which let execution issue."

On February 23, 2022, Ms. Goodley filed (1) a voluntary Chapter 13 bankruptcy proceeding in federal bankruptcy court, *see* 11 U.S.C. §§ 301, 1301–30, and (2) a notice in the trial court asserting that the bankruptcy filing "automatically stays certain collection and other actions against the debtor and the debtor's property including the debtor's possession of the property at issue."

On March 7, 2022, with the bankruptcy proceeding pending, Rent Space paid the trial court clerk the fee required for issuance and execution of a writ of possession on the Property. Rent Space also filed a motion in the bankruptcy court asking that

court to "confirm" the applicability of an exception to the bankruptcy code's automatic stay provision. The record shows no ruling on that motion.

On April 13, 2022, Rent Space filed a "Motion Demanding Award of Writ of Possession" in the trial court. The motion asked the trial court to authorize issuance and execution of a writ of possession or, alternatively, enter an order extending the time to issue a writ of possession to 90 days after entry of the final judgment. The next day, the trial court coordinator sent the parties an email stating the trial court "would need to see some instruction from the bankruptcy court that we are able to proceed" and "[u]ntil we receive such instruction, our case is stayed."

A week later, Ms. Goodley filed a voluntary motion to dismiss the bankruptcy proceeding. The bankruptcy court signed an April 26, 2022 order granting the requested dismissal "with prejudice against refiling for 180 days." That same day, Rent Space notified the trial court of the bankruptcy proceeding's dismissal and requested that the trial court issue a writ of possession pursuant to the February 22, 2022 final judgment. In an April 28, 2022 email to the parties, the trial court noted that "[m]ore than 60 days have passed since the judgment was signed in this case" and requested briefing by the next day on "the issue of whether the bankruptcy stay extends the 60-day period when the writ may issue."

Rent Space filed an April 29, 2022 "Motion for Issuance of Writ of Possession More than 60 Days after Judgment" asking the trial court to issue the writ of possession on two grounds: (1) the bankruptcy proceeding operated as a stay of

issuance of the writ of possession and (2) Texas Rule of Civil Procedure 510.8 authorized the trial court to extend the deadline from 60 days to 90 days for good cause. Rent Space also emailed the trial court on April 29, May 3, and May 6 requesting a prompt ruling on that motion. The trial court did not rule on Rent Space's motion or issue a writ of possession.

On May 13, 2022, Rent Space filed this mandamus proceeding. Rent Space also filed a May 16, 2022 motion for emergency stay, asserting, "On May 23, 2022, 90 days will have passed since the trial court entered its Final Judgment awarding possession of the Property to Relator. On May 26, 2022, 30 days will have passed since Defendant's bankruptcy proceeding—and any stay under § 362 of the bankruptcy code—terminated." This Court issued a May 18, 2022 order staying all trial court proceedings pending resolution of Rent Space's mandamus petition.

## Analysis

To obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and the relator has no adequate appellate remedy. *In re Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (orig. proceeding) (per curiam) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). "A clear abuse of discretion occurs when the trial judge errs in analyzing or applying the law to the facts or the trial judge has but one reasonable decision and does not make that decision." *In re Dyer Custom Installation, Inc.*, 133 S.W.3d 878, 880 (Tex. App.—Dallas 2004, orig. proceeding).

–4–

Texas Rule of Civil Procedure 510.8(d) provides that if the judgment in an eviction case is in the plaintiff's favor, "the judge must award a writ of possession upon demand of the plaintiff and payment of any required fees." TEX. R. CIV. P. 510.8(d). Though a writ of possession generally "may not issue more than 60 days after a judgment for possession is signed," "[f]or good cause, the court may extend the deadline for issuance to 90 days after a judgment for possession is signed." *Id*. 510.8(d)(1). "A writ of possession may not be executed after the 90th day after a judgment for possession is signed." *Id*. 510.8(d)(2). On appeal to the county court, the writ of possession is to be issued and executed as in other cases. *Id*. 510.13.

A voluntary bankruptcy petition "operates as a stay" of proceedings against the debtor, subject to limited exceptions. *See* 11 U.S.C. § 362(a)–(b). The stay terminates upon dismissal of the bankruptcy case. *Id*. § 362(c).

When applicable, bankruptcy code § 108(c) "extends certain deadlines for thirty days after notice of the termination of a bankruptcy stay." *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 547 (Tex. App.—Dallas 2009, no pet.) (citing 11 U.S.C. § 108(c) and *Gantt v. Gantt*, 208 S.W.3d 27, 30–31 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)). Section 108(c) states:

> [I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
> > (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay.

11 U.S.C. § 108(c). Section 108(c)'s purpose is to "protect a creditor from losing rights because an automatic bankruptcy stay blocks it from . . . some other deadline after suit has been commenced." *Brashear*, 302 S.W.3d at 547.

Here, Rent Space contends the trial court "is abusing [its] discretion by refusing to issue a writ of possession on its February 22 Final Judgment" because Rent Space is entitled to the writ of possession (1) "if Defendant's bankruptcy proceeding operated to stay its issuance" and (2) based on a "good cause" extension.

As described above, the record shows Ms. Goodley asserted applicability of the bankruptcy code's automatic stay in her February 23, 2022 notice of bankruptcy. Subsequently, the trial court stated that "our case is stayed" until "instruction from the bankruptcy court that we are able to proceed." A week later, Ms. Goodley filed a voluntary motion to dismiss the bankruptcy proceeding. Nothing in the record shows any determination by the bankruptcy court or the trial court that any exception to the bankruptcy code's automatic stay provision applied. On this record, we conclude the underlying proceedings were automatically stayed by Ms. Goodley's February 23, 2022 bankruptcy filing. *See* 11 U.S.C. § 362(a); *cf. Knight v. Minter*, No. 05-11-01045-CV, 2013 WL 2107275, at *2 (Tex. App.—Dallas May 14, 2013, no pet.) (mem. op.) (declining to apply § 362(a) stay after bankruptcy court ruled that

debtor's failure to comply with bankruptcy code requirements made stay inapplicable).

The automatic stay remained in effect until the bankruptcy case's April 26, 2022 dismissal. Though that date was more than 60 days after the February 22, 2022 judgment was signed, the record shows (1) rule 510.8(d)(1) is "applicable nonbankruptcy law" that fixes a period for "commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor" and (2) the 60-day period described in rule 510.8(d)(1) "ha[d] not expired before the date of the filing of the petition." *See* 11 U.S.C. § 108(c); TEX. R. CIV. P. 510.8(d)(1). Thus, we conclude § 108(c) applied and extended the deadline for issuing the writ of possession to, at the least, thirty days from the bankruptcy proceeding's dismissal date. *See* 11 U.S.C. § 108(c). The trial court was obligated to issue Rent Space a writ of possession upon termination of the bankruptcy stay and has abused its discretion by not doing so. *See* TEX. R. CIV. P. 510.8(d). In light of that conclusion, we need not address Rent Space's second abuse-of-discretion contention. *See* TEX. R. APP. P. 47.1.

As to lack of an adequate appellate remedy, "[a] final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only." TEX. PROP. CODE § 24.007. The record shows Ms. Goodley stated in her bankruptcy petition that she operates a business on the Property. Thus, we conclude Rent Space has no adequate

appellate remedy and mandamus relief is appropriate. *See id*.; *see also In re High Pointe Invs., LLC*, 552 S.W.3d 384, 388–89 (Tex. App—Waco 2018, orig. proceeding) (granting mandamus relief where trial court included language in possession order granting party right to appeal in violation of § 24.007); *In re Invum Three, LLC*, 530 S.W.3d 748, 749 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (concluding relator had no adequate remedy by appeal because law does not provide right to appeal order staying execution of writ of possession).

We conditionally grant Rent Space's petition for writ of mandamus and lift the stay imposed by this Court's May 18, 2022 order. We direct the trial court to issue Rent Space a writ of possession based on the February 22, 2022 final judgment against Ms. Goodley within three days of the date of this opinion. We are confident the trial court will act in accordance with this opinion. The writ of mandamus will issue only if the trial court does not do so.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

220460f.p05