COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Jared Walter Adair v. Ricky's Enterprises, Inc.

Appellate case number:   01-22-00359-CV

Trial court case number:  1181899

Trial court:                   County Civil Court at Law No. 4 of Harris County

Appellant Jared Walter Adair, acting pro se, filed a notice of appeal of the trial court's April 28, 2022 order ("Order") in a forcible entry and detainer action. The Order awarded Appellee Ricky's Enterprises, Inc. $31,500.00 in past rent, possession of "the premises located at 16006 Sydneyann Drive, Hockley, Texas 77447," and $1,500.00 in attorney fees. The Order set the supersedeas bond in the amount of $32,950.00. Appellant also seeks relief from a writ of possession that apparently has yet to be executed.[1]

On June 17, 2022, Appellant filed a "Motion for a Stay Pending Appeal, Restrain Writ of Possession and Notice to Vacate." A few days later, on June 21, 2022, Appellant filed a "Motion for a Stay Pending Appeal, Restrain Writ of Possession and Notice to Vacate," which we construe as an Amended Motion to Stay ("Amended Motion to Stay"). In his Amended Motion to Stay, Appellant seeks a stay of the trial court's April 28, 2022 order and of a June 16, 2022 Notice to Vacate posted by the Harris County Constable's Office, Precinct 5.[2] Appellee Ricky's Enterprises, Inc. filed a response to the Amended Motion to Stay on July 22, 2022, arguing Appellant is not entitled to a stay because he "did not file a supersedeas bond within ten days of the judgment or thereafter."

Texas Rule of Civil Procedure 510.13, entitled "Writ of Possession on Appeal," states

The writ of possession, or execution, or both, will be issued by the clerk of the county court according to the judgment rendered, and the same will be executed by the sheriff or constable, as in other cases. The judgment of the county court may not be stayed unless

---

[1]   Appellee asserts in his response to the Amended Motion to Stay that the writ of possession "issued and was submitted to the Constable for execution" but the writ has not been executed "due to this pending motion."

[2]   According to the clerk's record, the writ of possession was issued on June 14, 2022. The clerk's record does not refer to a June 16, 2022 posting of the Notice to Vacate or of any other document.

within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court pursuant to Section 24.007 of the Texas Property Code.

TEX. R. CIV. P. 510.13.  Section 24.007 of the Texas Property Code, which governs appeals in forcible entry and detainer actions, states in part

A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

TEX. PROP. CODE § 24.007.  The  "unambiguous language" of Rule 510.13 "prohibits a stay of the judgment in a forcible-entry-and-detainer action, absent the filing of a supersedeas bond within ten days of the judgment."  *In re Invum Three, LLC*, 530 S.W.3d 748, 750 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (holding trial court abused its discretion in granting motion to stay execution of writ of possession filed by trustor who failed to file bond within ten days of judgment pursuant to Rule 510.13); *see also In re Welch*, No. 13-21-00108-CV, 2021 WL 1602433, at *2 (Tex. App.—Corpus Christi–Edinburg Apr. 23, 2021,  orig. proceeding) (mem. op.) ("The record and briefing provided by relator fails to show that he filed a supersedeas bond within ten days of the judgment, and thus, we may not stay the order of eviction.").

Appellant did not file a reply to Appellee's response to the Amended Motion to Stay. Neither the Amended Motion to Stay nor the record before us indicates a supersedeas bond was paid.

Appellant's Amended Motion to Stay is **denied**.

It is so ORDERED.


Judge's signature: /s/ Veronica Rivas-Molloy
                         Acting individually

Date:  September 1, 2022