**Conditional Grant and Opinion Filed October 13, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00745-CV**

**IN RE: SAVING GRACE #2, LLC, Relator**

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-02837-A**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Breedlove
Opinion by Justice Goldstein

In this original proceeding, relator Saving Grace #2, LLC seeks mandamus relief from the county court's order staying execution of a writ of possession as to real party in interest Cleatrice Willform-Castillo in the underlying eviction proceeding. Saving Grace contends that (1) the county court's stay order is void because the county court lacked plenary jurisdiction to issue it and (2) in any event, under section 24.007 of the Texas Property Code, the county court was barred from granting a stay when Willform-Castillo did not file a timely supersedeas bond.

On August 16, 2023, we issued an order requesting a response to the petition. Willform-Castillo filed a response to which relator replied. After reviewing the

parties' briefs and the mandamus record, we have determined that Saving Grace is entitled to the relief it requests. Accordingly, we conditionally grant mandamus relief.

## BACKGROUND

The underlying action is an eviction proceeding against Domancio Castillo and "all other occupants" of a certain property in Garland, Texas. Visiting Judge Ted Akin presided over an August 18, 2022, hearing in the county court.[1] At the hearing, Willform-Castillo advised the county court that she was Castillo's ex-wife and also an occupant. The visiting judge thus noted, "Well in that case both of them are defendants, so I'm going to let her stay in that room." Willform-Castillo was able to cross-examine witnesses, submit evidence, and make arguments during the hearing. On September 1, 2022, the county court issued a final judgment finding that relator Saving Grace was entitled to possession of the property.

On September 14, 2022, Castillo filed a motion for emergency stay of the final judgment, claiming that he did not have sufficient funds to move. He also filed a notice of appeal[2] and a motion for a stay in this Court. This Court denied the stay on September 15, 2022, citing section 24.007 of the Texas Property Code.

---

[1] Visiting Judge Akin conducted the hearing and issued the final judgment. Presiding Judge of County Court at Law No. 1, the Hon. D'Metria Benson conducted the proceedings and issued orders relative to the stay that is the subject of this original proceeding.

[2] *Castillo v. Saving Grace #22 LLC*, No. 05-22-00900-CV, 2023 WL 5274554, at *1 (Tex. App.—Dallas Aug. 16, 2023, no pet. h.) (mem. op.). Castillo's appeal was dismissed for failure to file his appellate brief.

On September 26, 2022, Saving Grace filed an objection to the emergency-stay motion pending in the county court. Saving Grace argued that Castillo's request for a stay was governed by section 24.007 of the Texas Property Code, which set forth that enforcement of an eviction judgment could be stayed only by the posting of a supersedeas bond within ten days of the date of the signing of the judgment. Because the ten-day deadline had expired on September 14, 2022, Saving Grace argued that the court was bound by law to deny the stay.

That same day, the county court held a hearing on the stay motion. At the hearing, Willform-Castillo acknowledged that she did not request a supersedeas bond within ten days of the judgment, claiming that she had been informed the bond would not be necessary because the eviction was not based on nonpayment of rent. She also argued that she received late notice of the judgment. The presiding judge took the motion under advisement.

On October 21, 2022, Willform-Castillo filed a motion to amend. In the motion, she advised the court that (1) she is "named as an occupant in the above entitled cause" and (2) Castillo has given her power of attorney to represent him in the proceeding.

On March 20, 2023, the Dallas County Clerk issued a writ of possession, commanding the sheriff or any constable of Dallas County to deliver possession of the premises from "Domancio Castillo and all other occupants" to Saving Grace.

On May 4, 2023, Castillo filed a motion for emergency stay from writ of possession in the county court. In the motion, he advised the court that he would be in the hospital until May 15, 2023. He thus requested that the sheriff's office wait until May 18, 2023, to execute the writ of possession.

According to the declaration of Saving Grace's manager, the Dallas County Constable was prevented from executing the writ of possession on May 18, 2023. During the attempted eviction on May 18, "Cleatrice Willform-Castillo got the County Court on the telephone and the County Court instructed Deputy [Latoya] Harris and her associates to 'stand down' because a court hearing [on the second stay motion] was being scheduled for the next day."

On the morning of May 19, 2023, Saving Grace filed an objection to the emergency motion for stay from writ of possession. Saving Grace averred that Castillo and Willform-Castillo did not file a supersedeas bond within ten days of signing the final judgment and that the appeals court had already denied Castillo's request for a stay. Saving Grace also argued that the county court no longer had plenary jurisdiction over the matter because the final judgment had been entered nine months earlier and an appeal was now pending.

Later that day, at the hearing for the emergency motion, Willform-Castillo[3] argued for the first time that, under Texas Rule of Civil Procedure 510.3(c), Saving

---

[3] The record reflects that Patrice Castillo appeared at the hearing with no explanation or challenge as to whether Partrice is Cleatrice; therefore we proceed forward with Cleatrice as the real party in interest who attended the stay proceedings.

Grace was required to name as defendants all tenants obligated under the lease who were residing at the premises. She asserted that she was listed on the lease but the proceedings up until that point had been against only Castillo. She thus contended that the eviction was unenforceable against her because she was never named as a participant and, therefore, never able to give a defense.

After the hearing, the county court allowed the execution of the writ of possession to go forward only as to Castillo, but it ordered that the execution could not go forward as to Willform-Castillo.

This original proceeding followed.

## DISCUSSION

Asserting two issues, Saving Grace argues that (1) the county court's order on the second stay motion is null and void because the county court lacked plenary jurisdiction to issue it[4] and (2) the county court violated section 24.007 of the Texas Property Code. Willform-Castillo filed a pro se response.[5] We discern from the response that Willform-Castillo avers: (1) that there was no service of process in the eviction proceeding before Visiting Judge Akin, asserting a defect in parties; (2) that

---

[4] We need not reach Saving Grace's sub-issue that the county court's order interferes with this Court's exclusive jurisdiction as our resolution of the primary issue is dispositive. *See* TEX. R. APP. P. 47.1.

[5] We liberally construe pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.—Dallas 2007, no pet.). We note that Willform-Castillo did not authenticate the exhibits attached to her brief for consideration as part of the mandamus record. *Cf.* TEX. R. APP. P. 52.7(a). Based upon our analysis and conclusions set forth below, the exhibits were not necessary to our consideration of the jurisdictional issue before us.

–5–

the judgment should be set aside and a new trial ordered because she was not served, which she contends was a violation of her right to due process; and (3) based upon statutory violations, that she was a victim of retaliation for reporting needed repairs, and whether the landlord can terminate a lease after tenant requests repairs, asserting breach of contract.

Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court has clearly abused its discretion and (2) relator lacks an adequate appellate remedy. *In re Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (per curiam) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). If an order is void, however, the relator need not show it lacks an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (per curiam) (orig. proceeding).

Generally, a trial court lacks power to act in a case after plenary power expires. *In re Lopez*, No. 05-22-00793-CV, 05-22-00794-CV, 2022 WL 17261156, at *3 (Tex. App.—Dallas Nov. 29, 2022, orig. proceeding) (mem. op.). A judicial action taken after plenary power expires is void. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). By default, a trial court's plenary power expires thirty days after the final judgment is signed. TEX. R. CIV. P. 329b(d).

Here, the county court's final judgment was signed on September 1, 2022. No appropriate motion to extend the trial court's plenary jurisdiction was filed within 30 days of the final judgment. Thus, the county court's plenary jurisdiction expired

–6–

on October 1, 2022. *See* TEX. R. CIV. P. 329b(d). The county court's stay order was entered on May 19, 2023—well past that deadline. Because the county court may not issue a stay order after plenary power expires, *see* TEX. R. CIV. P. 329b(f) (explaining the limited actions a court may take after plenary power expires), we conclude that the stay order issued seven months after plenary power expired is void.

We next address Saving Grace's second issue that the county court violated section 24.007 of the Texas Property Code. Section 24.007 of the Texas Property Code states:

> 24.007. APPEAL. A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court.

TEX. PROP. CODE ANN. § 24.007. Texas Rule of Civil Procedure 510.13 also states:

> The writ of possession, or execution, or both, will be issued by the clerk of the county court according to the judgment rendered, and the same will be executed by the sheriff or constable, as in other cases. The judgment of the county court may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court pursuant to Section 24.007 of the Texas Property Code.

TEX. R. CIV. P. 510.13.

Here, it is undisputed that Willform-Castillo did not file a supersedeas bond within ten days of the judgment, or even thereafter. Accordingly, we conclude that the trial court abused its discretion by staying the writ of possession under these circumstances. *See In re Invum Three, LLC*, 530 S.W.3d 748, 750 (Tex. App.—

–7–

Houston [14th Dist.] 2017, orig. proceeding) (holding that trial court's order staying writ of possession was clear abuse of discretion where defendant failed to file a supersedeas bond). Saving Grace also has no adequate remedy by appeal because the rules do not provide for a right to appeal from an order staying the execution of a writ of possession. *Id.* at 749.

We address Willform-Castillo's assertion that the writ of possession could not be enforced against her because she was not named in the petition and served with citation. We conclude on this record that Willform-Castillo's argument lacks merit. Texas Rule of Civil Procedure 510.3(c) states:

> If the eviction is based on a written residential lease, the plaintiff must name as defendants all tenants obligated under the lease residing at the premises whom plaintiff seeks to evict. No judgment or writ of possession may issue or be executed against a tenant obligated under a lease and residing at the premises who is not named in the petition and served with citation.

TEX. R. CIV. P. 510.3(c). The record does indicate that Willform-Castillo was on the original lease and that her name does not appear as a defendant on the petition for eviction.

However, under Texas Rule of Civil Procedure 120, a party's appearance in open court has the same force and effect as if citation had been duly issued and served on the party as provided by law. TEX. R. CIV. P. 120; *Brown v. Apex Realty*, 349 S.W.3d 162, 164–65 (Tex. App.—Dallas 2011, pet. dism'd) (holding tenants waived service-of-process defects in eviction proceeding by appearing in trial court).

The record reflects that Willform-Castillo appeared at the eviction hearing and that the county court recognized her as a defendant. "When a defendant is deemed to have answered and appeared in court, she waives all complaints as to defects in the service of process." *Montgomery v. Chase Home Fin., LLC*, No. 05-08-00888-CV, 2009 WL 2784587, at *1 (Tex. App.—Dallas Sept. 2, 2009, no pet.) (mem. op.). We conclude that Willform-Castillo's appearance constitutes a waiver of all complaints as to defects in the service of process, *see Brown*, 349 S.W.3d at 165, and that the county court improperly entered the stay.

Other than the lack-of-service arguments we addressed above, the remainder of Willform-Castillo's response does not relate to the central issue in this mandamus proceeding—whether the trial court had jurisdiction to grant a stay of execution of the writ of possession as against Willform-Castillo. To the extent Willform-Castillo endeavors to challenge the purported default judgment[6] enforcement in the forcible detainer action, this is not a bill-of-review proceeding, and her argument has no bearing on the jurisdictional issue raised. Finally, to the extent Willform-Castillo complains that she was a victim of retaliation for reporting needed repairs and that the landlord breached its contract, this argument is inapposite because it goes to the merits of any timely perfected appeal and also has no bearing on the central issue of this mandamus proceeding.

---

[6] While the record reflects that the Final Judgment identifies only Castillo, it unquestionably was entered after a trial on the merits, a trial with the presence and participation of Willform-Castillo as an acknowledged defendant by the trial court and awarded possession of the subject property to Saving Grace.

## CONCLUSION

We conditionally grant Saving Grace's petition and direct the trial court to vacate its May 19, 2023, Order staying the writ of possession as to Willform-Castillo. We are confident the trial court will vacate the order in accordance with this opinion, and the writ will issue only if the trial court fails to do so.


230745f.p05

/Bonnie Lee Goldstein//
BONNIE LEE GOLDSTEIN
JUSTICE