**Opinion filed September 19, 2024**



# In The

# Elebenth Court of Appeals

_____

## No. 11-24-00214-CV
_____

## AMANDA GARCIA, Appellant

## V.

## ANDREA ARCIDES, Appellee

**On Appeal from the County Court at Law No. 2**
**Ector County, Texas**
**Trial Court Cause No. CCL2-23042**

## M E M O R A N D U M   O P I N I O N

Appellant, Amanda Garcia, filed a notice of appeal from the county court's order denying her motion to stay the writ of possession.

Appellant is the defendant-tenant in the underlying eviction suit involving residential property. The justice court entered a judgment in favor of the plaintiff-landlord (Appellee), ordered Appellant to vacate the premises, and to pay delinquent rent of $3,798.49. The justice court also issued a writ of possession and set the appeal bond at $500. *See* TEX. PROP. CODE ANN. § 24.0061 (West 2023); TEX. R.

CIV. P. 510.8(b), (d). Appellant appealed to the county court at law and moved to stay the execution of the writ of possession issued by the justice court. The county court denied Appellant's motion and scheduled the cause for a hearing. Prior thereto, Appellant sought to appeal the county court's order denying her motion to stay the execution of the writ of possession.

Upon receipt of Appellant's notice of appeal on August 5, 2024, we notified her that the county court's denial did not appear to be an appealable order and requested that she show grounds to continue this appeal. We further informed Appellant that the failure to respond by August 26, 2024 may result in the dismissal of the appeal. *See* TEX. R. APP. P. 42.3. We have received no response.

Appeals may be taken "from 'final decrees and judgments,'" and interlocutory orders from which an appeal is expressly authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West 2015), § 51.014(a) (West Supp. 2023); *Industrial Specialists, LLC v. Blanchard Refining Co., LLC*, 652 S.W.3d 11, 13–14 (Tex. 2022) (quoting Judiciary Act of 1789, ch. XX, § 22, 1 Stat. 73, 84 (codified at 28 U.S.C. § 1291 (2012))). Eviction cases are governed by the Property Code and the Rules of Civil Procedure. *See generally* PROP. §§ 24.004–.007; TEX. R. CIV. P. 510. Disputes over possession of residential property are litigated in the justice court, and may be appealed to the county court "to be tried de novo[.]" PROP. §§ 24.004, 24.00512(f); TEX. R. CIV. P. 510.9, 510.10(c). The losing party may then appeal the county court's "final judgment . . . on the issue of possession" to intermediate appellate courts. *See* PROP. § 24.007.

Here, the order denying Appellant's motion to stay the execution of the writ of possession is not a final judgment over which this court has jurisdiction. *See* PROP. § 24.007; *In re Invum Three, LLC*, 530 S.W.3d 748, 749 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("[T]he rules do not provide for a right to appeal an order staying the execution of a writ of possession."); *see also Benavides v. Wilmington*

*Trust, Nat'l Assoc. as Trustee of MFRA Trust 2014-2*, No. 4-21-00446-CV, 2022 WL 106171, at *1 (Tex. App.—San Antonio Jan. 12, 2022, no pet.) (mem. op.). Instead, a tenant may legally maintain possession of the property pending appeal in the county court by, among other things, paying a designated amount of rent into the justice court or county court registry "as rent becomes due." *See* PROP. §§ 24.0053–.0054; TEX. R. CIV. P. 510.8(d)(3), 510.9(c)(5)(B).

Accordingly, we dismiss this appeal for want of jurisdiction.


JOHN M. BAILEY
CHIEF JUSTICE


September 19, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.